CHADLER C. YONGE AND HENRY BRYAN, APPELLANTS, VS. JOHN McCORMICK, APPLLEE.

1. " Equity will enjoin the collection of the purchase money of land, on the ground of defect of title, after the vendee has possession under a conveyance from the vendor with general warranty, if the title is either prosecuted or threatened, or if the purchaser can shew clearly that the title is defective."

2. On a motion for injunction after answer, the Court will look only to the facts that are responsive to the bill, and will presume against defendant when he has not answered what he ought to have answered.

3. Where a new equity is set up by the answer to avoid that set up by the bill, the Court will not regard it on the motion.

4. On a motion for an injunction, the Court will not commit itself to points or questions that may arise at the final hearing.

Appeal from an order of the Circuit Court for Jackson County, sitting in Chancery. The opinion of the Court embraces substantially all the facts of the case, to which reference is made.

McClellan, for Appellants.

A. H. Bush, for Appellee.

BALTZELL, C. J.

This is an appeal from a refusal of the Court below to grant an injunction at the instance of the complainants, Yonge and Bryan. The application was after answer.— The case made out by complainants, is substantially as follows : · That they bought from defendant a tract of land, lying at the head of St. Andrews Bay, for a town site, hoping to realize from the sale of lots, more than a sufficiency to reimburse the purchase money, and under representations by defendant, that he had a bona fide and legal title to the land ; that influenced by these representations, they paid part of the purchase money, gave notes for the

residue, and took a deed of general warranty. They state further, that on part of the notes they have been sued and judgment recovered at law. That the title to lot number one, part of the tract containing forty acres, is defective, that its ownership was the main influence to the purchase, as without it, they could not for a moment have entertained t he proposition to buy, as this lot cuts them from the bay, and the remainder of the tract is valueless without it, and that defendant was aware of the title at the time of the sale ; that defendant is insolvent and unable to respond to damages in case of recovery on the warranty, and they pray for a rescission of the contract, for an injunction and for general relief.

Defendant answering, admits the sale, receipt of the money, notes and existence of the judgment, denies that lot one cuts off the other part of the tract from the bay, but asserts that such other part extends to the bay. Alleges that the title to lot number one, is in his wife, to whom he furnished the money for entering it, and has never been reimbursed, and that the lot actually belongs to him, and his wife should be held as his Trustee as to this land ; that he apprised complainants at the time of making the deed, of the state of the title, of the entry being in the name of his wife, but that he paid for it, and in fact, that he handed to one of the complainants, the certificates therefor, and furnished them with all the facts connected with the transaction ; that complainants have commited and permitted waste, so that it would be wrong to force him to take back the land ; that their possession has not been disturbed, and that they are sufficiently protected by their warranty.

47

The defectiveness of title to part of the property, and the inability of defendant, through insolvency, to compensate the deficiency, are the grounds of equity set forth by complainants, and are sufficient of themselves to entitle them to the injunction. Without committing ourselves to a point only considered for the purpose of this preliminary proceeding, it is sufficient to refer to the authorities cited by complainant's counsel, and more particularly to the doctrine of the Courts of Virginia. It is there well settled that " equity will enjoin the collection of the purchase money of land, on the ground of defect of title after the vendee has taken possession, under a conveyance from the vendor, with general warranty, if the title is questioned by a suit, either prosecuted or threatened, or if the purchaser can shew clearly that the title is defective."—Keyton vs. Branford, 5 Leigh, 39, Roger vs. Kane, 5 Leigh, 606, 2 U. S. Eq., Dig., 654.

The equity of the bill has not been seriously questioned, but it has been urged that the answer avoids it, and shews a state of facts which removes the equity set up, and the answer has been treated in the argument as if entitled to the same credit as if the case were submitted for final hearing.

The answer we have seen admits the defects of title and evades the allegation of insolvency.

As to the mode of considering the answer, it is sufficient to refer to the adjudications, which are to this effect:

" On a motion to dissolve, everything is to be presumed against defendant in respect of every matter to which he could answer directly, and has not answered. The Court will look to such facts of the answer only as are responsive

to the bill." Moore vs. Jerrill, 1 Kelly, 7; Jones vs. Lamly, 2 Ire. Eq., 278; Dalrymple vs. Sheperd, Ibid, 153; 3 Ired. Equity, 153; 1 Eden Inj. by Waterman, 146.

"On the hearing of such motion, defendant is the actor, and although the contents of his answer are generally to be taken as true, it must fully answer the plaintiff's equity. There must be no evasion, no disposition to pass over the material allegations of the bill, and if a reasonable doubt exists in the minds of the Court, whether the equity of the bill is not sufficiently answered, the injunction will not be dissolved." Miller vs. Washburn, 3 Ired. Equity, 170.

"When the equity of the bill is not denied by the answer, but a new equity is thereby introduced to repel or avoid it, the injuction will not be dissolved, but continued to the hearing." Lyvely vs. Wheeler, 3 Ired. Equity, 170.

These are adjudications as to the motion to dissolve; but it is not perceived that substantial difference exists between it, and the case of a motion or application for an injunction after answer.

The order refusing the injunction will be reversed and set aside, and the case remanded to the Court below, with directions to grant the injunction as prayed for, and for further proceedings not inconsistent with this opinion.