[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 467 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 468 
The first question is, whether a defendant, along with other defences, may set up in his answer the non-joinder of other parties who ought to have been sued with him. Under the former practice, the non-joinder of defendants could be pleaded only in abatement, and could not be *Page 469 
joined with a plea in bar; but under the Code there is no classification of answers or defences corresponding with the distinction between pleas in abatement and in bar. That distinction is entirely gone with the system to which it belonged. The defendant now answers but once, and he may set forth as many defences as he thinks he has, but must state them separately. (Code, § 150.) Among these is that of non-joinder, where it does not appear on the face of the complaint. (§ 147.) This is to be tried like any other defence, and its effect upon the suit is the same. A record showing that such a defence has been pleaded and tried will not be a bar in another action between the proper parties, unless it be made to appear that the plaintiff was defeated on the merits of the controversy. But in the pending suit the meaning of the Code plainly is that it may be pleaded and tried as other defences are.
The witness Griffith, by whose testimony the defence of non-joinder was established, was competent for that purpose. He was one of the seven persons named in the answer as jointly liable with the defendant, and who ought also to have been sued, but he was not a party on the record, or a "person for whose immediate benefit" the suit was defended. (Code, § 399.) In fact, I do not see that he was interested at all in making out the defence to which he was called. If that defence failed, then the plaintiff might, it is true, recover; but it is very clear that the judgment would not be evidence of liability in an action by the defendant against the witness for contribution. If, on the other hand, the defence succeeded, the only effect would be to turn the plaintiff over to a new suit against all the parties, including the witness, with a sworn admission on his part, and perhaps a record also, proving conclusively that he was one of the persons liable for the demand in question.
The judgment record in a former suit, which the plaintiff introduced in evidence, was not an estoppel which prevented the defendant from setting up that himself and the other *Page 470 
seven persons were the proper parties to be sued. On the trial of this suit, the evidence of Griffith, already referred to, was, that the services in question were rendered for the owners of the propeller Delaware, who were the defendant, the witness, and the other six named in the answer. The record introduced showed that six of the eight had brought a suit against the plaintiff for money lent and advanced. In their complaint, contained in the record, it was averred that they, the six, were the joint owners of the Delaware, and as such lent the money for which they brought that suit. That was a statement undoubtedly inconsistent with the claim of the defendant in the present case, that there were two additional owners, making in all eight, jointly liable for the services now in question. But it was a statement only, which, although made or concurred in by the present defendant, he was nevertheless at liberty to disprove, and he did disprove it, as the referee in his report has found. As a mere statement or allegation, it had no greater effect than any other mere admission or assertion of a party respecting a material fact. As an admission, it was evidence, but not conclusive. In the judgment there was no determination of the fact. On the contrary, it simply shows that the six plaintiffs failed in their action, and that the defendant recovered his costs. That cause was tried by a referee, and his report, on which the judgment was entered, finds, it is true, that the plaintiffs hired the defendant, as their servant, to perform services in saving the wreck of the propeller Phœnix, and that the money in question was advanced by them to him to be expended on their account in saving the wreck and goods on board. Upon these facts the referee reported that there was nothing due to the plaintiffs; but the finding of these facts and the conclusion of the referee involved no adjudication of the matter now in dispute. It is quite evident that the turning point of the decision was the fact that the money sued for, instead of being lent to the defendant, had been advanced to him as an agent or servant, *Page 471 
to be expended in that character. The action failed on that ground, and the judgment determined nothing else. To this conclusion it was not material to know whether the owners of the propeller Delaware were six, eight or any other number of persons.
I am not aware of any rule of examination which excluded the inquiry put to the witness Griffith, "On the part and behalf and for whom" were the services rendered? The question did not call for an opinion, and therefore was not open to objection on that ground. The fact which it called for may have been a conclusion deducible from other special facts, but this could not well appear until the question was answered and the examination then pushed somewhat further. After the inquiry was answered the plaintiff had a right, if he pleased, to cross-examine, and it might thus have appeared that the fact stated by the witness was a mere deduction of his own mind from the special circumstances of the transaction. But this course was not taken; and on the face of the question I think the answer called for belonged to a class of facts to which a witness may be allowed to speak directly.
The judgment should be affirmed.