By the Court.—Jones, J.
If the defendant had confined his testimony to a denial of the alleged promise to pay the amount of the bill alleged to have been presented to him, then the above questions would not have been in the nature of a cross-examination, and would have been inadmissible in that character ; they would, in that event, have been receivable only as questions put to the witness by the plaintiff as a witness called on his own behalf. As such, they would operate to re-open the plaintiff’s affirmative case after defendant had closed, and so operating it would have been entirely in the discretion of the judge whether to permit them or not.
But the defendant went further in his testimony. He testified, on his direct examination, as to the amount of beer he claimed to have received. It was, therefore, proper cross-examination to prove out of his own mouth that he had received more than he admitted to on Ms direct examination. •
The excluded questions had a tendency to show the reception by defendant of more beer than he aoknowl *161 edged in Ms direct testimony, and thus contradict and show the unreliability of the direct testimony.
They should therefore have been admitted, unless there is some objection to the form.
It is suggested that the introduction of the words, “belonging to Mrs. Roche,” rendered the form objectionable because they made the questions call not for a fact, but for a conclusion of law on a variety of facts.
This objection," however, is fully answered by the cases of Sweet v. Tuttle, 14 N. Y. 465-471; Carnes v. Platt, 6 Robt. Superior Ct. 270-286.
Judgment reversed and new trial ordered, with costs to plaintiff to abide the event.