JAMES J. W. DAWLEY, APPELLANT, *v.* JOHN P. BROWN, RESPONDENT.

*Plea in abatement — sufficiency of — answer not required to contain prayer for relief — Demurrer — Judgment in ejectment — setting aside of — effect of on possession intermediate the judgment and its being set aside.*

The defendant herein set up in his answer the pendency of another action, brought against him by the plaintiff for the same cause of action, and stated that he would set up the pendency of the former action " as a bar to the further prosecution of this action." Upon the trial the plaintiff insisted that the answer was insufficient for the reason that the plea should have concluded with a prayer that the writ be quashed or the suit abated, and that it could not be set up as a bar to the action. *Held,* that the objection was properly overruled; that under the present system of pleading the answer was not required to contain any prayer for the particular relief demanded by the defendant, or any statement as to what he might consider to be the legal effect of the facts set up.

*Held,* further, that if any objection existed to the answer it should have been presented by a demurrer, and that it was waived by going to a trial upon the issue of fact.

The plaintiff having brought an action against the defendant to recover certain land, obtained a judgment therein, upon the default of the defendant, declaring the plaintiff to be the owner of the land and entitled to the possession thereof, subsequently he issued a writ of possession to the sheriff, and in pursuance thereof the defendant attorned to him. Subsequently the judgment was set aside as irregular and the defendant reinstated in his possession and occupation of the land, as he was prior to the time of the entry of the judgment; at which time he had been in the hostile occupation thereof for many years. Intermediate the time of the attornment by the defendant and the setting aside of the judgment the plaintiff took a deed of the premises from one claiming to be the owner thereof. *Held,* that after the setting aside of the judgment the proceedings by which the plaintiff obtained possession of the land were as though they had never existed; and that as there was therefore no change in the legal possession the deed was void for champerty. (SMITH, J., dissenting.)

APPEAL from a judgment in favor of the defendant, entered upon a nonsuit directed at the Circuit.

The action was in ejectment for the recovery of certain real estate in the counties of Ontario and Monroe. The answer set up the pendency of another action between the same parties for the same cause of action, and further stated that " the defendant on the

trial of this action will set up the pendency of said action as a bar to the further prosecution of this action."

It appeared on the trial that the plaintiff had brought an action against the defendant to recover the land in question, and obtained a judgment therein, upon the default of the defendant, declaring the plaintiff to be the owner of the land and entitled to the possession thereof; subsequently he issued a writ of possession to the sheriff, and in pursuance thereof the defendant attorned to him. Subsequently the judgment was set aside as irregular, and the defendant was reinstated in his possession and occupation of the land, as he was prior to the time of the entry of the judgment; prior to which time he had been in the hostile occupation thereof for many years. Intermediate the time of the attornment by the defendant and the setting aside of the judgment, the plaintiff took a deed of the premises from one Loren Culver, claiming to be the owner thereof. The plaintiff claimed that in this action he was asserting, not the title which he claimed when the former suit was commenced, and not the title involved in that action, but another and a subsequent title derived under the deed obtained from Loren Culver.

*John Van Voorhis,* for the appellant.

*E. G. Lapham,* for the respondent.

TALCOTT, J.:

This case has once before been before the General Term, on which occasion it was held, in an opinion delivered by MULLIN, P. J., that the action was abated by the pendency of the suit of this plaintiff against Fox and Brown, and the justice at the Circuit followed the decision of this court in nonsuiting the plaintiff, upon the plea of the former action pending and the proof under it. It does not distinctly appear from the opinion of Justice MULLIN upon what grounds the plaintiff, upon the former occasion, sought to maintain the position that the plea of another action pending for the same cause did not constitute any objection to the recovery in this suit, and it is to be presumed that all of the aspects of the case were then considered. On the argument of the present appeal, however, the counsel for the plaintiff has insisted upon

certain views, which he assumes were not called to the attention of the court in the former appeal, and were not considered, and it is, perhaps, well to refer briefly to such views.

The action, commonly called an action of ejectment, is to recover the possession of certain real estate, situated partly in the county of Ontario and partly in the county of Monroe. With certain answers in bar, the defendant sets up the pendency of an action against himself and one George D. Fox, which he avers is for the same cause as that set forth in the complaint, and states that on the trial of this action he will set up the pendency of the former action " as a bar to the farther prosecution of this action."

It is well settled that, under the present system of practice, matters in abatement and matters in bar may be joined in one answer, and both be tried and decided at one time. (*Sweet* v. *Tuttle,* 14 N. Y., 465 ; *Gardner* v. *Clark,* 21 id., 399.)

The plaintiff, however, does not deny that this is the law as now existing under the Code, but insists that in such case it is necessary that the answer of the matter in abatement should conclude according to the ancient form of a plea in abatement, and not be set up as a bar to the action ; and upon this ground he takes exception to the form of the answer in this case, or rather to the relief sought by the answer, and says that, in order to be available, it should have concluded that the writ be quashed, or the suit abate. The answer is not now required to contain any prayer for the particular relief demanded by the defendant, or any statement as to what the defendant· may consider to be the legal effect of the facts he sets up. If he makes any such demand or statement, it is simply surplusage. It is sufficient if the facts which he avers constitute matter either in bar or abatement, and the plaintiff must himself determine at his own peril whether the facts are sufficient and sufficiently averred to constitute a defense, either in bar or in abatement. The objection made by the plaintiff is to the form of the answer, and not to its substance, and we think if any objection really exists to the form of the answer, it should have been presented by a demurrer, as in *Compton* v. *Green* (9 How., 228), and that the plaintiff cannot go down to trial of the issue of fact, and there for the first time raise an objection to the mere form of the answer.

Again, the plaintiff claims that in this action he is asserting not the title which he claimed when a former suit was commenced, and not the title involved in that action, but another and a subsequent title derived under the deed from Loren Culver to him (the plaintiff), dated July 18, 1869. It appeared on the trial and by the documents produced, or assumed to be before the court, that the plaintiff had conveyed the premises in question to Loren Culver on the 16th day of March, 1857. The former action was commenced on the 7th day of April, 1869, as stated in plaintiff's points, and while any title which the plaintiff may previously have had, was by his own deed vested in Loren Culver. In the former action the defendant Brown and George D. Fox and a number of other persons were made defendants, and though the judgment roll in the former action was produced on the trial by the plaintiff, it is not fully set forth in the case, so that the precise nature of the action can be seen. The plaintiff, however, states in his points that the former action when commenced was of an equitable character, but precisely what the complaint in that action was for does not appear by the case. It may, however, be safely assumed that the action was in substance, to recover the same land described in the complaint in this case, upon some legal or equitable title claimed by the plaintiff. In fact the plaintiff shows on this occasion, that his complaint in the former action was amended so as to claim the possession of the premises described in the complaint in this case, which are parcel of the premises described in the complaint in the former action as owner in fee, and that the defendant Fox unlawfully withheld the same. In the former action this defendant Brown and George D. Fox did not put in any answer within the time prescribed by law, for what reason and under what circumstances does not in the present case distinctly appear. On the 6th day of July, 1869, the plaintiff, on proof of the default in the said former action of Brown and Fox, two of the defendants, obtained at a Special Term in Monroe county an *ex parte* order to the effect that the summons and complaint in the former action be amended by striking out the names of, and discontinuing the action as to all the defendants except Fox and Brown, and turning that action as against Fox and Brown into an action to recover the possession of the premises, and that the plaintiff have judgment for the posses-

sion with costs of the action, and declaring that he (the plaintiff) was the owner of the premises in fee simple absolute. On the same day, the plaintiff, at the same court, obtained a further *ex parte* order in the form of a judgment by default against Fox and Brown, that he recover possession of the premises, and for the costs of that action, and that he was the owner of the premises in fee simple absolute, and entitled to the possession thereof, and particularly describing the premises according to an amended complaint, which he had apparently caused to be filed after the granting of the first order, and before the granting of the second. And on the same day he issued a writ to the sheriff of Monroe county, in the form of a *habere facias*, commanding him to deliver the possession of the premises to the plaintiff, and to levy and collect the costs. The plaintiff then went with his attorney and the sheriff upon the premises, and on the seventh day of July procured the attornment to him of various persons in possession, and among others of the defendant in this suit, with an agreement on the part of the defendant, to pay the plaintiff twenty-five cents per week, per head, for pasturing certain cattle on the premises, and acknowledging that the premises had that day been delivered to the plaintiff by the sheriff of Monroe county. The defendant in this suit, also one of the defendants retained in the former suit by the amendment, had been from a time anterior to the commencement of the former suit, in the adverse and hostile possession of that portion of the premises occupied by him, under claim and color of a title in fee, and still continued to remain in the actual possession after the formal execution of the writ of *habere facias* and the formal attornment to the plaintiff.

On the 26th day of July, 1869, at a Special Term in Livingston county held by Mr. Justice JOHNSON, on a motion made by Fox and Brown, after hearing the plaintiff by counsel, it was ordered that the said judgment against Fox and Brown be set aside as irregular, and that the defendants Fox and Brown be, and they were thereby, reinstated in the possession of the premises occupied by them respectively described in the said complaint and judgment, as they were severally in the possession and occupation of the same prior to the entry of said judgment, and that the plaintiff or the sheriff make restitution of the costs which had been

collected. It was after the formal execution of the *habere facias*, and during the time intervening between that and the order of the twenty-sixth day of July vacating the judgment and reinstating Brown and Fox in the possession, as they were in possession prior to the entry of the judgment, that the deed introduced by the plaintiff from Loren Culver to the plaintiff was executed. And it is under the claim of a title to the premises, as conveyed by that deed, that the plaintiff now insists that this action is founded upon a new title, and consequently is not the same cause of action upon which he claimed to recover in the said former suit as amended. The same facts appeared, in substance, when this action was before the court on a former occasion, and at least some of the members of the court concurred in the reversal of the judgment then recovered, partly on the ground that the proceedings whereby the plaintiff, under color of the former judgment and execution, had obtained the nominal possession and attornment were void, after they had been set aside, as though they never had existed (*Haley* v. *Wheeler*, [MSS.], 4th Dept., Oct., 1876), and that the means whereby the defendant had obtained such formal possession and attornment by an *ex parte* order, changing the action from an equitable action into an action of ejectment, and obtaining an *ex parte* judgment and execution in the action of ejectment were fraudulent and void as against Brown and Fox, and that, in judgment of law, the legal possession had not been changed, but that Fox and Brown must be deemed in law to have been in continual possession under their claims of title, and consequently that the deed of the plaintiff from Loren Culver was void for champerty, and that the plaintiff in this action could only rely on the title claimed by him in the former suit, and that the cause of action was the same as in the former suit, which was still pending against Fox and Brown for the same premises, or at all events the plaintiff was not entitled to recover, and that his judgment must be reversed.

The plaintiff claims that on the last trial the justice granted the nonsuit solely on the ground of the former action pending. Such seems to be the fact, and the ground, as thus stated, was in accordance with the ruling on the former appeal; but if that precise ground is not maintainable, at all events the plaintiff ought to have been nonsuited, because he showed title out of himself by

introducing his deed to Culver; and the deed from Culver back to him being void for champerty, did not reinvest him with the legal title, for the purposes of an action of ejectment.

These facts appearing in the case without dispute and not to be obviated, it is of no consequence what reason the justice at the Circuit gave for his ruling by which the plaintiff was nonsuited. It is well settled that where it appears that the defendant was entitled to a nonsuit upon a ground not to be obviated, the nonsuit is to be sustained whether the court at the trial placed the ruling upon that ground or some other.

The judgment is affirmed.

E. DARWIN SMITH, J. (dissenting):

At common law, the plea of a former suit pending for the same cause of action, always contained an averment that the *parties* were the same in both actions. (2 Chitty's Plead., 19.) Where it appears by the complaint upon its face, that there is another action pending between the same parties for the same cause, it is a good ground of demurrer under section 144 of the Code, and if the fact or matter enumerated in said section as a ground of demurrer does not appear upon the face of the complaint, the objection under section 147 may be taken by answer. Under the Code, as at common law, the answer setting up the pendency of a former suit in bar, or abatement, must allege that the *parties* are the same as well as the cause of action. (*Auburn City Bank* v. *Leonard*, 20 How., 196; *Kelsey* v. *Ward*, 16 Abb., 98.) This action is against Brown as a sole defendant. The former suit, if reference is had to the suit in equity, was against numerous defendants, and if reference is had to the action after the amendment, it was then against *two* defendants, *Fox* and Brown. Whether the former action be considered an action in equity or law, after the amendment, it is quite clear that the plaintiff had no cause of action in either form. He could not avoid his own deed for fraud in equity, and the legal title was clearly in Culver, and he must necessarily have been nonsuited at the trial, and such judgment would not have been a bar to another action as *res adjudicata*, and for the same reason the plea of a former suit pending is not good. (*Stowell* v. *Chamberlain*, 60 N. Y., 272.) The question whether the causes of action are the *same* is

whether the same *evidence* will support both actions. (Id., 277; *Rice* v. *King*, 7 Johns., 19; *Miller* v. *Manice*, 6 Hill, 114; *Johnson* v. *Smith*, 8 Johns., 383.) The deed, executed by Culver to the plaintiff, I do not think was void for champerty. At the time of its execution the land was not in the actual possession of a person claiming under a title *adverse* to that of the grantor. The defendant was then in possession as tenant of said plaintiff under a voluntary lease. It is true he was subsequently restored to the possession, but his voluntary act of taking a lease from the plaintiff upon the execution of the *habere facias* was not thereby rendered invalid, so as to convert his possession under the lease into adverse possession, while he held under it, so as to make void the deed from Culver to the plaintiff, executed while such lease was in full force.

Present — Mullin, P. J., Smith and Talcott, JJ.

Judgment affirmed.