Bradley, J.
—The action was probably largely founded upon the alleged fact that the subject matter of the action in which Mrs. Bush recovered the verdict against the plaintiff upon the $1,500 note had been settled. There was, however, no evidence to support the authority of Stull to make the settlement which he assumed to make with the plaintiff. And it was not in the way of taking proceedings by the administratrix for its collection. The controversy involved in this appeal is solely between the plaintiff and the personal representative of Mrs. Bush, deceased. And the learned counsel for the plaintiff contends that he is entitled to relief because no deed has been made to him by her or her heirs of the premises pursuant to the agreement of May 1876. This default was alleged by him as a defense in the action brought by Mrs. Bush upon the note given as the consideration for the conveyance which she agreed to make. And she recovered because it was held that her agreement in that respect, and the promise of Peck to pay furnished by his note, were not dependent but independent promises. And that view had the saction of the general term, where the judgment entered on the verdict was affirmed. 10 N. Y., S. R, 796. But at the time of the trial it does not appear that the judgment had been entered. And exception is taken to the conclusion of the court that the pendency of such former action was a bar to the maintenance of this action, because, (1), it was matter of abatement merely; and (2), it was not effectual for any purpose in this action.
The pendency of a former action is matter of abatement of another one involving the same issues, and prior to the Code it must be pleaded as such preliminarily to pleas in bar, and could not be united with or follow the latter. And the issues arising upon pleas in abatement must have been disposed of before pleading to the merits. But by the Code the distinction in the method of pleading such matter and of proceeding upon the issue in that respect has been abolished, and it is joined by the answer with matter going to the merits, all the issues are tried together, and the designa *600 tion of pleas in abatement has disappeared, and the matter which formerly was interposed by them, falls into the term of defences indiscriminately applied to allegations of the answer going to defeat the alleged cause of action. Sweet v. Tuttle, 14 N. Y., 465. It therefore seems to be unnecessary for the pleader to observe any formal distinction in alleging the two classes of matter, and if effectually established, it is quite non-essential what term is applied to it by the decision of the court, as it defeats or bars a recovery, although it is matter of abatement and does not determine it on the merits. It is, however, quite questionable whether the pendency of the former action was a defense to this one. That action was at law, this is for equitable relief, although a judgment in the former action, so far as the questions properly within the issues in that and in this action were the same, would be deemed conclusive, and to that extent judgment entered upon the verdict would be a bar to their further consideration in this action. But without considering the question of the effect of the pendency of the former action, we think on the facts established by the evidence and found, the result given by the trial court was required and therefore the exception before referred to needs no consideration. In view of what has heretofore been held by this court in respect to the contract between Mrs. Bush and the plaintiff, it must be assumed that his liability upon the note sued on in the action at law, was not dependent upon the execution by her of the deed she had undertaken to make to him. It is, however, contended, that her estate is insolvent, and that the refusal of the trial court to find that-fact upon the evidence was error. Treating that question here as effectually as if such insolvency had been alleged in the complaint as a ground of relief, it does not furnish any reason for equitable interference with the collection of the verdict in view of the undisputed facts.
At the time of the making of the agreement between Mrs. Bush and Peck for the conveyance by her to him of the premises, her title subject only to the two deeds before then by her made to and held by him as security is not questioned either by allegation or evidence. He has the equitable title taken pursuant to such agreement, and the right as against her infant heirs to require its specific performance. Code Civil Pro., § 2346.
He, under the contract, had been in possession ten years when this action was commenced, having the right to compel such performance by his vendor during her life and by her heirs after her death. 2 R. S., 194, § 169.
And he retains the possession and prosecutes this action in affirmance of the contract, and neither seeks its reformation or rescission. His rights are those which the terms of the contract furnish him. They are not -denied to him. And a court of equity cannot give him anything more.
*601 If, therefore, it be assumed that the estate of his vendor is insolvent so that he cannot from it get indemnity for the expenses attending an action for specific performance, that furnishes no legal reason for restraining the further proceeding in the action at law to collect the verdict until the administratrix shall cause the conveyance to be executed.
His rights rest in the contract, and nothing appears beyond it to support equitable cognizance for the purposes of the relief sought in this action. If there was any defect in the title of his vendor so that the performance of the contract to the extent contemplated when it was made could not be had a different question would be presented, and a court of equity might intervene to give him protection and relief, and there the question of solvency of his vendor might be entitled to consideration. Such is the doctrine of some of the cases cited by the plaintiff’s counsel. Yonge v. McCormick, 6 Fla., 368; 63 Am. Dec., 214; Spurr v. Benedict, 99 Mass., 463. And when it appears that the enforcement of a recovery would be contrary to equity and good conscience by reason of facts which were not available on the defense, a court of equity may restrain its collection. N. Y. and H. R. R. Co. v. Haws, 56 N. Y., 175. The heirs of the plaintiff’s vendor hold the legal title in trust for him subject to his right to require its surrender to him in the manner provided by the statute. And beyond that there is no occasion for any equitable relief, unless facts other than those represented by the record before us are made to appear.
There seem to be no other questions needing consideration.
The judgment should be affirmed.
Barker, P. J., Haight and Dwight, JJ., concur.