## COURT OF APPEALS.

### Nov., 19, 1907.

# THE PEOPLE v. LAWRENCE P. MINGEY.

(190 N. Y. 61.)

FORGERY—UTTERING CHECK WITH FORGED IDORSEMENT.

Where the only question of fact contested upon the trial of a defendant charged with uttering a check payable to a firm, knowing that the indorsement of the firm name was forged, was whether the person, who wrote the name of the firm on the back of the check, had authority from one of the firm to make such indorsement, it is not error for the trial court, referring to the signature on the back of the check, to ask the member of the firm, who, as the defendant claimed, had authorized the indorsement, the question, "Was it ever authorized to be signed by your firm?" where no objection whatever was taken to the question until it was answered in the negative and then only upon the ground that the question was asked by the court and not by the district attorney; even if the question and answer had been objected to as calling for hearsay evidence, the defendant would not have been prejudiced by the admission thereof where it conclusively appears that the defendant did not claim that the indorsement was authorized by the firm except through the witness who was asked the question.

*People* v. *Mingey*, 118 App. Div. 652, affirmed.

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 5, 1907, which affirmed a judgment of the Court of General Sessions of the Peace in the county of New York rendered upon a verdict convicting the defendant of the crime of forgery in the second degree.

The facts, so far as material, are stated in the opinion.

*George M. Curtis* for appellant. The defendant did not have a fair trial. (*State* v. *Hamilton*, 55 Mo. 520; *Fagen* v. *State*, 22 Neb. 332; *State* v. *Allen*, 100 Iowa, 7; *State* v.

*Marshall,* 105 Iowa, 38; *People* v. *Corey,* 157 N. Y. 332; *People* v. *Ledwon,* 153 N. Y. 10; *Hogan* v. *C. P., N. & E. R. R. Co.,* 124 N. Y. 647; *Roberts* v. *Tobias,* 120 N. Y. 1; *McKenna* v. *People,* 81 N. Y. 361; *People* v. *Hill,* 37 App. Div. 327.)

*William Travers Jerome, District Attorney (Robert S. Johntone* of counsel), for respondent. Every essential element of the crime charged against the defendant was conclusively established. The defendant had a fair and impartial trial and the jury were correctly instructed on the law by the trial court. (*People* v. *De Garmo,* 179 N. Y. 131; *People* v. *Webster,* 139 N. Y. 73; *People* v. *McCormick,* 135 N. Y. 663; *People* v. *Noelke,* 94 N. Y. 137; *People* v. *Irving,* 95 N. Y. 541; *People* v. *Fitch,* 1 Wend. 198; *Comm.* v. *Ladd,* 15 Mass. 526; *People* v. *Wiman,* 85 Hun, 320; 148 N. 29; *People* v. *Sherman,* 133 N. Y. 349; *Brown* v. *People,* 8 Hun, 562.) The exceptions to rulings on evidence present no reversible error. (*People* v. *Chacon,* 102 N. Y. 669; *Myhill* v. *Bogardus,* 166 N. Y. 614; *Turner* v. *City of Newburgh,* 109 N. Y. 301; *Platner* v. *Platner,* 78 N. Y. 90.)

CHASE, J. One Devine gave a check upon the Hamilton Bank of New York city, payable to the Ross Lumber Company, a partnership. The check came to the possession of one Menton, an officer of the D. J. Menton Company, a corporation. He wrote the name "Ross Lumber Company" across the back of the check and delivered it to the defendant who was the secretary and treasurer of said corporation and the defendant deposited the check in a bank in his name. The check was thereafter collected and the defendant drew the amount thereof from the bank by checks which he asserts were in payment of claims against said corporation. It is claimed by the People that Menton's indorsement of the name Ross Lumber Company on said check was a forgery and that the

27

defendant uttered said check knowing that the payee's indorsement thereon was forged.

The Ross Lumber Company is composed of C. Edward Ross and his brother. It is claimed by the defendant that Menton had authority from C. Edward Ross to indorse the name Ross Lumber Company on said check. At the trial of the indictment the jury rendered a verdict against the defendant and judgment was entered thereon. From the judgment so rendered an appeal was taken to the Appellate Division of the Supreme Court where the judgment of conviction was unanimously affirmed, and from such judgment of affirmance an appeal has been taken to this court.

Substantially the only question of fact contested on the trial was as to whether said Menton had authority from C. Edward Ross to indorse the name Ross Lumber Company upon said check. That question although stoutly contested was a very narrow and simple one. The record before us contains nearly three hundred pages, many of which consist wholly of discussions by and between the court and the defendant's counsel. A large part of the record of such discussions is useless for the purpose of presenting any question that could arise on an appeal to the Appellate Division or to this court. Such a record on appeal merits criticism and condemnation, and the lengthy discussions and statements in the trial court could only have tended to confuse the one all-important issue involved. The judgment of conviction having been unanimously affirmed in the Appellate Division there is nothing left for the consideration of this court but questions of law raised by appropriate exceptions in the trial court. (*People* v. *Maggiore,* 189 N. Y. 514; *People* v. *Huson,* 187 N. Y. 97.) We have carefully considered the many objections taken by the defendant's counsel during the trial, and also every exception taken by him to the admission or exclusion of evidence and to the court's

charge and refusals to charge, and, we do not think that any error was committed to the prejudice of the defendant.

We refer specifically to two questions propounded to the witness C. Edward Ross and to the answers given thereto, because if the witness did not have personal knowledge of what had been authorized by the firm of Ross Lumber Company and proper objections had been made to the latter question, the answer should have been excluded. No objection was taken to the competency of the witness to answer, and in view of the facts appearing in the case, even if the latter question had been properly objected to, the answer did not prejudice the defendant.

The court after calling the witness' attention to the indorsement on the check asked the witness the following questions to which answers thereto were given as follows:

" Q. Is it the signature of your firm? A. No, sir.

" Q. Was it ever authorized to be signed by your firm? A. No, sir."

Counsel for the defendant then said, " Will you kindly note our objection to your Honor's question and an exception? " To which the court responded, " Yes."

Statements were then made by the defendant's counsel and the court as follows:

" Mr. Curtis: I desire to respectfully urge upon the Court that in the sense that every man is entitled to a fair trial, the defendant ought not to be oppressed by the superior learning, experience and ability of the presiding injustice, for whom we all have the most profound respect and the greatest veneration. The law provides a public prosecutor. The law pays him. * * *

" The Court: I am here to help administer criminal justice and all I have done is to ask him to look at the endorsement on the check and then to state if his firm put it there or auth-

orized it and he said ' No.' If that is improper I will give you an exception.

" Mr. Curtis: Will you grant me an exception?

" The Court: Certainly."

It is a fundamental general rule of evidence that a witness must confine his testimony to matters within his personal knowledge and also that he should not testify to conclusions of fact or of law. Whether a question calls for hearsay evidence or for conclusions is frequently dependent upon other facts and circumstances affecting the witness and his personal knowledge of the subject under consideration. The knowledge of the witness Ross as to whether Menton had authority from the firm of Ross Lumber Company to sign the indorsement on the check depended, among other things, upon whether any person other than the witness had authority to authorize such an indorsement. If the question had been specifically objected to on the ground that it called for hearsay evidence and for a conclusion, it might have resulted in the People showing that the witness could speak of the authority given to Menton by his firm as a fact and not from hearsay, or as a conclusion.

In *Sweet* v. *Tuttle* (14 N. Y. 465, 471) the court, referring to a question put to a witness as follows: " On the part and behalf and for whom were the services rendered," say: " The question did not call for an opinion, and, therefore, was not open to objection on that ground. The fact which it called for may have been a conclusion deducible from other special facts, but this could not well appear until the question was answered and the examination then pushed somewhat further. After the inquiry was answered the plaintiff had a right, if he pleased, to cross-examine, and it might thus have appeared that the fact stated by the witness was a mere deduction of his own mind from the special circumstances of the transaction."

In *Nicolay* v. *Unger* (80 N. Y. 54, 57) the court say, " It is

not difficult to see that it is entirely competent to prove under some circumstances as a fact what under others might be regarded as a mere conclusion of law and would be clearly inadmissible. There are cases which hold that where the question involves a fact clearly within the knowledge of the witness, and not the expression of an opinion upon facts proven, it is admissible. (*De Wolf* v. *Williams,* 69 N. Y. 621; *Knapp* v. *Smith,* 27 id. 277; *Sweet* v. *Tuttle,* 14 id. 465; *Davis* v. *Peck,* 54 Barb. 425.) "

No objection whatever was made to the question when it was asked of the witness, and although the court gave the defendant an exception as we have shown, a reference to the discussion between the court and the counsel for the defendant shows beyond controversy that the defendant did not at any time object to the question upon any ground other than that it was asked by the court instead of the district attorney. It further conclusively appears in the record that the defendant did not claim that Menton had ever received any authority from the Ross Lumber Company to indorse its name on the back of the check except through C. Edward Ross, the witness who was being examined. Defendant, therefore, could not have been prejudiced by the question and answer even if he had properly objected thereto.

That the defendant's counsel did not intend to object to the question on the ground that it calls for hearsay evidence or for a conclusion is further shown by his contention in this court. In his brief it is stated: " The attention of the learned court is called to the following exception on page 12, folio 36; * * * on page 13 at folio 39 the exception taken there was a good one. The attitude of the court and its expression are not justified.

These references are to the exceptions taken in connection with the questions, answers and subsequent discussions which we have quoted herein. No other reference is made to such

exceptions by the defendant's counsel in his brief, except that in connection with a statement that the defendant had not had a fair trial he says: "It will be observed that up to this time a great percentage of the questions of the prosecution have been put by the court." No error was committed on the trial that requires a reversal of the judgment. The judgment of conviction should be affirmed.

CULLEN, Ch. J., GRAY, O'BRIEN, WERNER and WILLARD BARTLETT, JJ., concur; VANN, J., absent.

Judgment of conviction affirmed.