# W. J. BURNETT v. WILLIAM H. SULFLOW AND ANOTHER.[1]

### November 17, 1916.

### Nos. 19,891—(23).

**Vendor and purchaser — evidence that defendant was purchaser.**

1. The evidence is *held* sufficient to sustain a finding that the defendant was not the agent of the plaintiff in the purchase of real property, but purchased for himself and sold to the plaintiff.

**Same — enforcement of contract of sale stayed — discharge of mortgage.**

2. The defendant sold to the plaintiff land upon which there was a

[1] Reported in 159 N. W. 951.

mortgage and gave a contract of sale. Payments on the sale were due
in instalments. The defendant is insolvent. The plaintiff did not
know of the mortgage. It is *held* that the plaintiff should be allowed
to apply the amounts coming due on the contract in discharge of the
amount coming due on the mortgage, in the manner specified in the
opinion, and that enforcement of the contract should be stayed.

Action in the district court for Hennepin county for a decree order-
ing defendant W. H. Sulflow to execute and deliver to plaintiff a con-
veyance of certain real estate; or if he should not then the decree to
transfer title to plaintiff; that a certain contract be canceled and an-
nulled and said Sulflow restrained from enforcing the same; for a tem-
porary injunction during the pendency of the action restraining defend-
ants from serving plaintiff any notice of cancelation or termination
of the contract bearing date March 7, 1913, and for $6,500. The
case was tried before Leary, J., who found as conclusion of law that
there was still owing W. H. Sulflow on account of the contract dated
March 7, 1913, the sum of $40,500, and ordered the judgment described
in the opinion in the first paragraph on page 411, infra. From an order
denying his motion for a new trial, plaintiff appealed. Reversed.

*S. R. Child, Sherman Child* and *Brooks & Jamison,* for appellant.
*McDowell & Fosseen,* for respondents.

DIBELL, C.

This is an action in equity to compel the defendant to convey to the
plaintiff a tract of land, upon the ground that it had been bought by the
defendant for the plaintiff and paid for by him. Title was taken in the
name of the defendant and a contract given by him to the plaintiff. If
this relief was denied the plaintiff asked that the enforcement of the
payments coming due on the contract be stayed until a mortgage upon the
land, executed by the defendant to his vendor, was satisfied. There were
findings and conclusions denying the relief asked by way of conveyance,
but staying the enforcement of some but not all of the payments coming
due on the contract. The full measure of relief asked by the plaintiff was
not given. He appeals from the order denying his motion for a new trial.

1. In the early part of 1913 the Connecticut Mutual Life Insurance
Company conveyed a piece of land in Minneapolis to the defendant Sul-

flow. He sold and agreed to convey it to the plaintiff Burnett for an increased price. The two transactions were contemporaneous. Burnett claims that at his solicitation Sulflow undertook to procure for him the title to the property from the Conecticut Mutual, and that title was taken in the name of Sulflow because he did not himself wish to be known at the time as the owner. The question whether Sulflow acted for Burnett in procuring the title was the principal subject of litigation at the trial. Its importance lies in the fact that if Sulflow in procuring the property from the insurance company was the agent of Burnett, or if he was in a situation where he was charged with a trust relative to the procuring of the property, he could not profit by an increase in price to Burnett. The court found that Sulflow did not act for Burnett. Burnett claims that the finding of the court is not sustained by the evidence. The testimony is conflicting. The inferences to be drawn from it are not certain nor conclusive. The evidence was not such as to compel a finding that Sulflow occupied an agency or trust relation relative to the property, and it supports the finding that Sulflow purchased of the insurance company for himself and then sold to Burnett.

2. Sulflow gave the Connecticut Mutual $48,000 for the land. He paid $9,000 in cash and gave a mortgage for $39,000. The deferred payments, secured by the mortgage, were due $2,000 September 15, 1914; $2,000 March 15, 1915; $2,000 September 15, 1915; $2,000 March 15, 1916; $4,500 March 15, 1917; and $26,500 March 15, 1918. Burnett agreed to give Sulflow $54,500. He paid $10,000 in cash. The balance was due $4,000 March 1, 1914; $4,000 March 1, 1915; $4,000 March 1, 1916; $4,500 March 1, 1917; $4,500 March 1, 1918; $4,500 March 1, 1919; $4,500 March 1, 1920; $4,500 March 1, 1921; $4,500 March 1, 1922; $4,500 March 1, 1923; and $1,000 March 1, 1924. The payments coming due on the contract are somewhat more than sufficient to take care of the payments coming due upon the mortgage until the last instalment of $26,500 becomes due in March, 1918. In other words, if Burnett should pay Sulflow according to the contract, Sulflow from such payments could carry out his contract with the insurance company until the 1918 payment of $26,500 becomes due. If the parties performed their contracts, the situation when the 1918 payments became due would be this: Sulflow would have paid the insurance company $21,500 and

would owe it $26,500 due March 15, 1918. Burnett would have paid Sulflow $26,500 and would owe him $28,000 coming due in annual instalments of $4,500 each commencing with March 1, 1918, except the last instalment of $1,000 coming due March 1, 1924.

The contract provided that Sulflow should give a warranty deed. He is insolvent. The court finds: "That said Sulflow at the time of the commencement of this action was insolvent, and has so continued until the present time and is totally unable to pay said promissory notes or to comply with the terms and covenants of said mortgage and is therefore about to lose said property. That if plaintiff be compelled to comply with the terms of the contract * * * and make the payments therein provided for to the defendant Sulflow, he is in danger of losing both said land and the money paid in performance of said contract." Burnett did not know of the mortgage at the time of the contract.

Under the circumstances recited Burnett is concededly entitled to relief. The question has infrequently arisen, and never so far as we find in a situation precisely like that before us, but in principle the right to relief is directly held or impliedly recognized. See Bowen v. Thrall, 28 Vt. 382; Fehrle v. Turner, 77 Ind. 530; Mallard v. Allred, 106 Ga. 503, 32 S. E. 588; Yonge v. McCormick, 6 Fla. 368, 63 Am. Dec. 214; Gillham v. Walker, 135 Ala. 459, 33 South. 537; 1 High, Injunctions (4th ed.), §400; 2 Warvelle, Vendors, § 917. The principle which permits relief is not in conflict with the rule that the existence of an encumbrance does not prevent the vendor recovering instalments prior to the last on his contract of sale, it being sufficient if he has unencumbered title when it becomes his duty to convey. See True v. Northern Pacific Ry. Co. 126 Minn. 72, 147 N. W. 948, and cases cited. Nor is it in conflict with the rule that one in undisturbed possession under a contract of sale cannot have relief in equity against his contract to pay. It is the vendor's insolvency which gives the right to relief, and the right rests wholly upon equity. Burnett is in possession getting the rents and profits. He does not claim fraud. He does not ask for a rescission. He wants the benefit of his bargain, and is asking equitable relief in protection of it. No rule fixes the precise relief appropriate to a particular case. In a proper case the court may arrest the collection of the purchase money payments and may provide for their application upon the mortgage.

The question is whether the relief afforded by the court is adequate. The court directed the entry of a judgment providing that Burnett might apply the payments coming due on the contract in payment of the amounts coming due upon the mortgage up to and including the 1917 payments; that if this was done Sulflow should not declare a forfeiture or seek to collect the payments; that the excess coming due from Burnett on the contract over the amounts coming due upon the mortgage should be retained and kept by him and, with interest from the time they were retained, should be made available to Sulflow for the payment of the instalment of the mortgage coming due on March 15, 1918; and that, if Sulflow then discharged the mortgage, he might proceed to enforce the contract payments. No provision was made as to what might be done if the 1918 mortgage instalment was not paid; but it was provided that in such case Burnett might apply to the court for relief.

Such a decree gives substantially adequate relief as the situation will be up to the time the 1918 payment on the mortgage becomes due. So far as may be, however, the appropriate relief finally to be given should be definitely fixed now. If the defendant pays the $26,500 when it becomes due in March, 1918, he may proceed with the enforcement of the contract. If he does not pay, the plaintiff may pay, and the amount which he pays will be credited against the payments coming due on the contract, stopping interest, and leaving the balance to be paid upon the last instalment if he wishes it so. Apparently the plaintiff needs no equitable aid in order to enable him to pay the $26,500; but since equity has undertaken to give relief it should make it complete. If the defendant does not pay, but is able to extend the mortgage so that the payments will not exceed the amounts coming due on the contract, this can be permitted; or, if he does not, and the plaintiff is able to make an arrangement whereby he can pay on the mortgage the amounts coming due on the contract, such arrangement will protect the parties. If the property goes to foreclosure and the title is lost, the plaintiff will be protected by his legal remedies and defenses. The enforcement of the contract should be stayed until title goes under foreclosure, unless payment is made or an arrangement such as is indicated is made. If desirable a receiver may be appointed to carry out the decree, and he may be subject to future directions of the court. The plaintiff complains because he is required to

pay interest upon the sums due upon the contract in excess of the amounts coming due on the mortgage. We think this is not inequitable. It amounts to permitting the plaintiff to have a postponement of the time of payment. He is not required to keep the money idle, but the time when he shall pay is deferred.

The conditions being as at present when March, 1918, comes, there is no practical difficulty, for the property will easily take care of the mortgage, and the contract instalments can be made, and no one will lose. The court should be able to shape and carry out a decree bringing this result. A new trial of the various issues of fact is not necessary. Further proceedings will be in accordance with this opinion.

Order reversed.