■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY ALLEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered January 14, 1984, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Hellenbrand, J.), of that branch of the defendant's omnibus motion which was for the suppression of his statements to the police and an Assistant District Attorney.

Judgment affirmed.

The defendant stands convicted of the murder of Delaine Pearsall on June 1, 1974. Prior to the defendant's trial, a *Huntley* hearing *(see, People v Huntley,* 15 NY2d 72) was held to determine the admissibility of detailed statements made by the defendant while in police custody and a written confession which was thereafter recorded by an Assistant District Attorney. Following the hearing, the court denied that branch of the defendant's omnibus motion which was to suppress the statements, finding that the statements had been voluntarily made after the requisite warnings were given to the defendant. At the trial, the People introduced the defendant's statements into evidence. The defendant admitted that he had encountered Delaine in the hallway of an apartment building at 3511 Mermaid Avenue in Brooklyn where he lived with his girlfriend. The defendant invited Delaine into the apartment, told her to undress, and then sexually molested her. Afterwards, when Delaine got dressed and started to leave the apartment, the defendant panicked. He grabbed Delaine by her blouse, thereby choking her and rendering her unconscious. When the defendant's efforts to revive the girl failed, he removed her from the apartment and left her on the staircase landing of the apartment building between the second and third floors. The defendant further admitted that he had thrown some jewelry Delaine had been wearing into an incinerator and toilet bowl. The People, on their direct case, elicited testimony that several bracelets were recovered by the police from the bathroom toilet in the apartment the defendant shared with his girlfriend. Delaine's mother testified that the bracelets looked like the ones that her daughter had been wearing.

The Medical Examiner testified that Delaine's death was

caused by ligature strangulation. He further testified that the nature of the injuries Delaine was found to have suffered was consistent with her having been grabbed by her blouse from behind and lifted off the ground.

On appeal, the defendant claims, *inter alia,* that he was denied a fair trial because of alleged improper and prejudicial comments made by the prosecutor during his summation. We disagree and hold that the prosecutor's remarks challenged by the defendant do not warrant reversal of his conviction.

Contrary to the defendant's contention, the prosecutor did not improperly comment on the defendant's failure to testify. Rather, the challenged remark was a permissible reference to the absence of credible evidence or testimony in the record to support the defendant's claim that his confession was the product of coercion *(see, People v Baldo,* 107 AD2d 751; *People v Garcia,* 51 AD2d 329, *affd* 41 NY2d 861). Similarly, the prosecutor's characterization of the defenses offered at trial as "diversion[s]" or "tangents", "did not exceed the broad bounds of rhetorical comment permissible in closing argument" *(see, People v Galloway,* 54 NY2d 396, 399).

Perhaps the remarks of the prosecutor most deserving of comment of those to which the defendant assigns error are the prosecutor's suggestion to the jury that the defendant was unworthy of compassion and the prosecutor's statement as to his personal belief concerning the credibility of witnesses. Although we find these comments to be improper, in view of the overwhelming evidence of the defendant's guilt, such comments did not operate to deprive the defendant of his constitutional right to a fair trial *(see, People v Morgan,* 66 NY2d 255; *People v Roopchand,* 65 NY2d 837, *affg* 107 AD2d 35). Equally unpersuasive is the defendant's argument that the court's charge on intoxication improperly shifted the burden of proof *(see, People v Leary,* 64 AD2d 825). The Judge instructed the jury that the People must prove each and every element of the crimes charged, including intent, beyond a reasonable doubt, and that evidence of intoxication may be considered in determining whether or not the defendant was capable of forming the requisite intent. Nor did the court err when it refused to recharge the jury on the law of intoxication when the jury only requested supplemental instructions on the elements of each offense *(see, People v Almodovar,* 62 NY2d 126).

We have considered the other issues raised by the defendant and find them to be either unpreserved or lacking merit. Lazer, J. P., Thompson, Niehoff and Kunzeman, JJ., concur.