■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRIPAUL BALKARAN, Appellant.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). The defendant contends that the prosecution's witnesses should not have been believed by the jury because of inconsistencies in relating the incident. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88).

Many of the objections of trial counsel to the prosecutor's summation were sustained by the trial court with curative instructions. Since the defendant did not request additional instructions, the court is deemed to have cured the errors to the defendant's satisfaction *(People v Jalah,* 107 AD2d 762). The remaining comments which were objected to did not exceed the broad bounds of rhetorical comment permissible in closing argument *(see, People v Galloway,* 54 NY2d 396; *People v Allen,* 121 AD2d 453, *affd* 69 NY2d 915; *People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837).

The sentence imposed was not unduly harsh or excessive. Weinstein, J. P., Eiber, Sullivan and Balletta, JJ., concur.