■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

CLEO BRYANT, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered April 7, 1986, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's claim that he was deprived of a fair trial because of alleged improper and prejudicial comments made by the prosecutor during his summation. Contrary to the defendant's contention, the prosecutor's reference to a boy caught with jelly-covered hands to illustrate the concept of circumstantial evidence did not exceed the broad bounds of rhetorical comment permissible in closing argument (cf., People v Dunlap, 138 AD2d 393). Nor did the prosecutor call upon the jury to draw a conclusion not fairly inferable from the evidence (cf., People v Ashwal, 39 NY2d 105). Although the prosecutor misspoke when he remarked that the defendant pleaded guilty to the charges, instead of not guilty, this patently obvious slip of the tongue was immediately rectified by both the court and the prosecutor, and, thus, was innocuous to the outcome of the trial.

The remainder of the challenged remarks were not preserved for appellate review by the defendant's belated motion for a mistrial made at the conclusion of the prosecutor's summation (see, People v Bruen, 136 AD2d 648). In any event, the act of impropriety committed by the prosecutor when he made a reference to the defendant's failure to testify, which was unpreserved for appellate review as a matter of law (see, People v Brown, 91 AD2d 615; cf., People v Allen, 121 AD2d 453, affd 69 NY2d 915; People v Baldo, 107 AD2d 751) does not warrant reversal in the exercise of our interest of justice jurisdiction. Here, the proof of the defendant's guilt is strong and the likelihood that this remark affected the jury's verdict is minimal, particularly in view of the trial court's subsequent charge to the jury, which clarified the defendant's constitutional privilege and admonished that no inference was to be drawn from his failure to testify (see, People v Scott, 138 AD2d 421; cf., People v Montalvo, 125 AD2d 338; People v Brown, supra). Mangano, P. J., Rubin, Rosenblatt and Miller, JJ., concur.