■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN ROYSTER, Appellant.—Judgment, Supreme Court, New York County (Juanita Bing Newton, J.), rendered July 7, 1989, convicting defendant of murder in the second degree, attempted murder in the second degree, and assault in the first degree, and sentencing him to 25 years to life to be served consecutively to concurrent 8-⅓ to 25 year and 5 to 15 year terms, and an order of the same court, entered March 16, 1990, denying defendant's motion to vacate the judgment, unanimously affirmed.

Defendant shot his estranged girlfriend to death, and seriously wounded one of her two sisters, as they were standing on a Manhattan subway platform during the evening rush hour on January 7, 1988. The uninjured sister told the police that the dead woman's boyfriend had done the shooting, and within hours defendant was tracked to a New Jersey apartment building where his brother lived. Defendant was seized at gunpoint as he emerged from the building.

Contrary to defendant's claim on appeal, the gunpoint detention was supported by probable cause. *(People v Carrasquillo,* 54 NY2d 248, 254.)* Defendant's brother lived in the building, and defendant matched the description previously obtained. Further, a rented car, in which an envelope addressed to "J.P. Roy" was observed, was observed in the adjacent parking lot, and when defendant emerged from the

building, he was carrying rental car keys. In any event, in light of defendant's concession on appeal that the police had a justifiable basis to question him, we find that the police were warranted in their use of their weapons while ascertaining defendant's identity. *(People v Chestnut,* 51 NY2d 14, 20-21, *cert denied* 449 US 1018.)

The court's supplemental charge on intent was not unbalanced, and was responsive to the jury's inquiry. *(People v Allen,* 121 AD2d 453, *affd* 69 NY2d 915.) In any event, the court's main charge made plain that the prosecutor's burden of proof never shifted to defendant *(People v Kohl,* 72 NY2d 191). While the jury properly could have considered the evidence of defendant's insanity in determining whether the prosecutor had established his burden of proof on intent *(People v Kohl, supra,* at 199) defendant's expert in fact testified that defendant understood the nature and consequences of his conduct. Thus, it was not error to exclude the issue of insanity from the supplemental charge on intent.

Defendant was not denied his right to effective assistance of counsel. The court properly weighed defendant's request to proceed *pro se.* Moreover, defendant had no right to hybrid representation or stand-by counsel. *(People v Ferguson,* 67 NY2d 383; *People v Mirenda,* 57 NY2d 261.)

The court did not abuse its discretion in scheduling the witnesses, or denying defendant's request for an adjournment. *(People v Spears,* 64 NY2d 698, 699-700.) Defendant's right to be present at all material stages of the proceeding was not violated when the court and counsel discussed redaction of documents admitted into evidence, and during colloquy on the court's charge. *(See, People v Velasco,* 77 NY2d 469.)

Defendant's remaining claims have been considered, and we find them lacking in merit. Concur—Sullivan, J. P., Wallach, Kupferman, Ross and Asch, JJ.