■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY BREEN, Appellant. [684 NYS2d 575] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Roman, J.), rendered July 30, 1996, convicting him of attempted robbery in the second degree (two counts), and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the prosecutor's comments in summation in effect shifted the burden of proof from the People to him by referring to the "unchallenged" and "uncontroverted" evidence of the defendant's involvement in the crime constituted reversible error is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Luperon,* 85 NY2d 71, 78; *People v Mingey,* 190 NY 61). In any event, the prosecutor's comments were not so prejudicial as to constitute reversible error (*see, People v Crimmins,* 36 NY2d 230), in light of the strong evidence of the defendant's guilt and the minimal likelihood that the jury's verdict was influenced by the remarks. Moreover, the trial court's subsequent charge to the jury clarified the defendant's constitutional privilege, emphasized that the burden of proof remained with the People, and admonished the

jury that no inference was to be drawn from his failure to testify (*see, People v Bryant,* 163 AD2d 406, 407; *People v Lynch,* 145 AD2d 440; *People v Scott,* 138 AD2d 421; *People v Montalvo,* 125 AD2d 338).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., O'Brien, Krausman and Goldstein, JJ., concur.