THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY HUNTER, Appellant. [782 NYS2d 379]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered February 19, 2002, convicting him of murder in the second degree, attempted murder in the second degree, criminal possession of a weapon in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that certain remarks made by the prosecutor during summation were inflammatory and, in effect, shifted the burden of proof from the People to him is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Nuccie*, 57 NY2d 818 [1982]; *People v Brown*, 297 AD2d 819 [2002]). In any event, although the prosecutor's comments suggesting that the jury should reject a defense argument not supported by proof "beyond a reasonable doubt" were plainly improper (*see People v Christman*, 23 NY2d 429 [1969]; *People v Torres*, 223 AD2d 741 [1996]; *People v Ortiz*, 116 AD2d 531 [1986]), they do not constitute reversible error. The evidence of the defendant's guilt was strong, and the likelihood that the prosecutor's

improper comments affected the jury's verdict was minimal because the comments pertained to a factual issue only tangentially relevant to the case. Also, the trial court's subsequent charge to the jury repeatedly emphasized that the burden of proof remained with the People (*see People v Brosnan,* 32 NY2d 254, 262 [1973]; *People v Breen,* 257 AD2d 661 [1999]; *People v Olds,* 222 AD2d 531 [1995]; *People v Bryant,* 163 AD2d 406 [1990]). Santucci, J.P., Luciano, Schmidt and Skelos, JJ., concur.