■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY ZABORSKI, SR., Appellant. — Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered March 12, 1981, upon a verdict convicting defendant of two counts of the crime of criminal possession of stolen property in the second degree. Defendant's conviction arose out of his August 13, 1980 purchase of certain items containing gold and silver from 16-year-old Dusty Gilbert at defendant's place of business in Kingston. Immediately prior to the purchase, police had wired Gilbert with a body tape recording device, supplied him with various items which had been reported stolen and later recovered by the police, and requested that he attempt to sell the items to defendant. Defendant presented a defense based mainly on the uncontroverted testimony of another local antique dealer that he had called defendant on the morning of August 13, 1980 and informed him that his store had been burglarized the night before. Defendant testified that he purchased the items from Gilbert in an effort to recover them for his fellow merchant. The jury's rejection of this defense was implicit in its verdict of guilty on both counts of criminal possession of stolen property in the second degree charged in the indictment. This appeal ensued following defendant's receipt of concurrent indeterminate sentences of imprisonment with a three-year maximum. We do not agree with defendant's contention that certain questions asked of defendant on cross-examination constituted reversible error. The questions involved attempted to compel defendant to characterize prosecution witnesses as liars and to comment on his failure at the time of arrest to give the exculpatory version of

---

events he presented at trial. While it is true that questions of this nature may constitute reversible error under certain circumstances (see *People v Conyers,* 52 NY2d 454; *People v Delgado,* 79 AD2d 976), we find nothing wrong with the questions where, as here, they are not objected to and concern matters originally brought out by defense counsel on direct examination of the witness. While many other grounds for reversal are advanced by defendant, only one other issue merits discussion. Defendant argues that his conviction for criminal possession of stolen property cannot stand since the property, having come into police custody prior to being loaned to Gilbert, had lost its stolen character prior to its purchase by defendant (see *People v Ettman,* 99 Misc 2d 120). The People claim that the items purchased by defendant, which are conceded to have been stolen from their rightful owners prior to August 13, 1980, retained their stolen character, even though recovered by police, until such time as the owners were ascertained and notified, which was not until some three weeks after defendant's arrest. We agree with defendant's position. In our view, property which has been wrongfully taken from its owner continues to be stolen property only until such time as it returns to the dominion and control of the owner or his agent. In the instant case the police, as public servants, were acting as agents of the owners when they recovered and held the missing property. The property lost its stolen character once it was recovered by the police and not, as held by the trial court, when the ministerial act of notifying the owners was subsequently completed. Accordingly, since it was legally impossible for defendant to commit the crime of criminal possession of stolen property in the second degree under these circumstances, the judgment must be modified by reducing it to the lesser included crime of attempt to criminally possess stolen property in the second degree (see Penal Law, § 110.10; Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 110.10, p 320) and the matter remitted to the trial court for resentencing (CPL 470.20, subd 4). Judgment modified, on the law, by reducing the convictions to two counts of the crime of attempted criminal possession of stolen property in the second degree and matter remitted to the County Court of Ulster County for resentencing, and, as so modified, affirmed. Mahoney, P. J., Main and Levine, JJ., concur.

Kane and Casey, JJ., dissent and vote to affirm in the following memorandum by Kane, J. Kane, J. (dissenting). Inasmuch as the defendant stipulated at trial that the property had in fact been stolen from the owner, we are unable to agree with the majority's position that the property lost its stolen character, as a matter of law, immediately upon recovery by the police, so as to become unstolen property at the time of defendant's purchase. At that time, unlike in the cases cited by defendant (see *People v Jaffe,* 185 NY 497, 499; *People v Rollino,* 37 Misc 2d 14, 20-21), the rightful owners had not been informed of the police's recovery of the stolen items nor had they consented to the items' entrustment to the police's agent. The trial court correctly charged the jury that in order to convict defendant it must find that the property was in fact stolen property; and no exception was taken to this charge. Accordingly, the judgment of conviction should be affirmed.