■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY PISCIOTTA, Also Known as ANTHONY PALMIERI, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered October 27, 1982, upon a verdict convicting defendant of the crime of grand larceny in the second degree. Defendant and codefendant James Cody were indicted by the Grand Jury of Albany County on a charge of grand larceny in the second degree. The indictment arose out of a series of events which began on July 2, 1982 when Andrew Catroppo, a hot dog vendor and private investigator in Orange County, was approached by a man who offered to sell him some television sets, video games and video recorders. Catroppo expressed some interest and, over the next few days, he discussed a possible sale during several telephone conversations with a man who gave his name as Phil Rizzo, later identified as defendant. Defendant offered to sell Catroppo 235 items for a price of $49,000, $9,000 of which was to be kicked back to Catroppo. Catroppo contacted the State Police Bureau of Criminal Investigation (BCI), as he believed the offer was a "scam". With Catroppo's permission, two investigators from the BCI placed a tape recorder on Catroppo's telephone which recorded the next conversation from defendant to Catroppo. Catroppo agreed to buy some of the items from defendant for $14,000. Defendant directed Catroppo, who was going to bring State Police Investigator McCart as his "cousin", to go to the Gateway Diner in the City of Albany. Defendant told Catroppo that one of his employees would meet them. At the diner, Catroppo and McCart were

met by one Jim Cierbelli, later identified as codefendant James Cody, who drove with the men to the loading bays of the Montgomery Ward Store at the Northway Mall in the Town of Colonie. Cody was given $14,000 by McCart, who had received the money from the Albany County District Attorney. After leaving the truck and walking approximately 30 to 40 feet, Cody was arrested. Defendant, who was sitting in his car in the parking lot, was given his *Miranda* warnings and asked by a State Police investigator to go to the State Police barracks, where he was arrested later in the day. Neither defendant nor Cody worked for Montgomery Ward, and they had no merchandise to sell to Catroppo. Defendant and Cody were convicted after trial of grand larceny in the second degree. At sentencing, defendant admitted that he had been convicted less than a year previously in Federal court of a scheme to defraud by means of wire communications, concededly a felony under Federal law. Defendant was sentenced as a second felony offender to an indeterminate term of three and one-half to seven years in prison. This appeal ensued. Defendant raises two issues for our consideration. Defendant's contention that his conviction is legally impossible is based on the theory of larceny under which he was prosecuted, that is, larceny by false pretenses. Under a prosecution for larceny by false pretenses, one element that must be proved by the People to support a conviction is reliance by the owner of the property on a false representation of past or existing fact (Marks and Paperno, Criminal Law in New York Under the Revised Penal Law, § 329, p 381). In the absence of such reliance, a conviction for a consummated crime of larceny by false pretenses is legally impossible (*People v Henning*, 42 AD2d 286, 295). It is, however, possible to sustain a conviction for attempted grand larceny, as legal impossibility is not a defense to a charge of attempt of a crime (Penal Law, § 110.10; *People v Zaborski*, 59 NY2d 863, 865). On the record before us, the District Attorney was the owner of the stolen property and, having provided the money, could not have relied on defendant's misrepresentations. The judgment therefore must be modified by reducing it to attempted grand larceny in the second degree (see *People v Zaborski*, 88 AD2d 1074, 1075, mod on other grounds 59 NY2d 863). In light of our disposition, we find it unnecessary to reach defendant's other contention regarding the allegedly excessive sentence imposed. Judgment modified, on the law, by reducing the conviction to the crime of attempted grand larceny in the second degree; matter remitted to the County Court of Albany County for resentencing; and, as so modified, affirmed. Sweeney, J. P., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.