■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD THOMPSON, Appellant.—

The complainant testified that on two occasions, the defendant cornered her, threw her down and, after a struggle, had sexual intercourse with her against her will. That testimony was sufficient to establish the element of forcible compulsion (see, Penal Law § 130.00 [8]). Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Evidence of previous incidents in which the defendant sexually molested the complainant was offered to show the complainant's ongoing fear of the defendant. That evidence was properly received in support of the element of forcible compulsion (see, People v Hudy, 73 NY2d 40, 54; People v Lewis, 69 NY2d 321, 325). It is well established that evidence otherwise relevant to prove some material fact is not necessarily rendered inadmissible even though it reveals that a defendant has committed another crime (see, People v Molineux, 168 NY 264; People v Sims, 110 AD2d 214, 220). In balancing the probative value of this evidence against its potential prejudice to the defendant, we agree with the County Court that the circumstances tipped the scales in favor of its admission.

The defendant's contention that his sentence was excessive is without merit (see, People v Suitte, 90 AD2d 80).

We have examined the defendant's remaining contentions and find them to be unpreserved for appellate review or without merit. Mollen, P. J., Lawrence, Rosenblatt and Miller, JJ., concur.