■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD HOWARD, Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following memorandum: On appeal from a judgment convicting him of first and third degree rape and incest, defendant argues that the proof of rape in the first degree was legally insufficient because there was no proof of forcible compulsion. We agree. Although defendant's daughter, the complainant, testified that defendant threatened her the day after the incident, threats made after the sexual act do not constitute forcible compulsion (see, People v Sirno, 151 AD2d

621, *appeal dismissed* 75 NY2d 809, *mot to vacate order dismissing appeal granted* 75 NY2d 915). Furthermore, there was no proof that the difference in size between defendant and his daughter created an implied threat of force *(cf., People v Yeaden,* 156 AD2d 208, *lv denied* 75 NY2d 872), and the People did not advance the theory, either in their bill of particulars or at trial, nor did the court charge the jury, that forcible compulsion could be established through a pattern of prior abuse *(cf., People v Thompson,* 158 AD2d 563). Thus, the conviction of rape in the first degree must be reversed, the sentence thereon vacated, and that count dismissed.

We have examined defendant's remaining arguments on appeal and find them lacking in merit. (Appeal from judgment of Cattaraugus County Court, Sprague, J.—rape, first degree.) Present—Dillon, P. J., Callahan, Doerr, Pine and Lawton, JJ.