◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED BARNES, Appellant. [604 NYS2d 218] —Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered May 6, 1991, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, prejudicial error was not committed by the trial court's curtailment of the cross examination of the People's witness by defense counsel *(see, People v Ashner,* 190 AD2d 238). In any event, any alleged error was harmless in light of the overwhelming evidence of

the defendant's guilt *(People v Crimmins,* 36 NY2d 230, 241-242).

Contrary to the defendant's contention, expert testimony regarding the market price of the cocaine was properly admitted to help the jury understand the drug transaction for which the defendant was arrested. It is within a trial court's discretion to permit certain expert testimony when it determines that such testimony will aid the jurors in reaching a resolution on the facts of the case *(see, People v Cronin,* 60 NY2d 430).

The defendant's contention that the sentence was excessive is without merit *(see, People v Pena,* 50 NY2d 400, *cert denied* 449 US 1087). Thompson, J. P., Bracken, Balletta and Joy, JJ., concur.