■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL BELL, Appellant. [633 NYS2d 217] —Appeal by the defen-

dant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered August 9, 1993, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends, among other things, that he is entitled to reversal of his conviction because the prosecutor, while cross-examining the defendant, asked the defendant if he had discussed the defense of justification with his counsel. This issue is unpreserved for appellate review because no objection was made to this question (see, CPL 470.05 [2]). In any event, although such a question would generally be improper (see, *People v Glenn*, 52 NY2d 880, 881), here, the defense counsel, on direct examination of the defendant, had asked the defendant if he had had an opportunity to discuss his defense with counsel. Thus, the prosecutor's question "concern[ed] matters originally brought out * * * on direct examination of the witness" (*People v Zaborski*, 88 AD2d 1074, 1075, *mod on other grounds* 59 NY2d 863).

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Sullivan, J. P., Altman, Hart and Friedmann, JJ., concur.