■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHERYL NEWSOME, Appellant. [635 NYS2d 247] —Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered January 21, 1993, convicting her of sodomy in the first degree, sexual abuse in the first degree, sodomy in the second degree, sexual abuse in the second degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress her statements to law enforcement authorities.

Ordered that the judgment is affirmed.

To the extent that it is preserved for appellate review, there is no merit to the defendant's contention that the indictment does not indicate the time frame of the alleged criminal acts with sufficient specificity *(see, People v Morris,* 61 NY2d 290; *People v Barrett,* 166 AD2d 657; *People v Jones,* 133 AD2d 972).

The defendant contends that the People failed to prove that

her inculpatory statements to law enforcement officials were competent, reliable, and voluntary. To the extent that this contention relates to the *Huntley* hearing, it is unpreserved for appellate review *(see, People v Smith,* 55 NY2d 888; *People v Clink,* 143 AD2d 838). In any event, we are satisfied that the People proved beyond a reasonable doubt that the defendant's statements were properly admitted into evidence. To the extent that the defendant contends that the jury incorrectly weighed the evidence adduced at trial regarding her statements, her contention is without merit *(see, People v Whiten,* 183 AD2d 865).

The defendant's challenge to the legal sufficiency of the evidence was not raised at trial and is, therefore, unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence *(see,* CPL 470.15 [5]).

Under the circumstances of this case, a note written by the complainant to her mother was sufficiently prompt to be admitted into evidence pursuant to the prompt outcry exception to the hearsay rule *(see, People v Kornowski,* 178 AD2d 984; *People v Vanterpool,* 214 AD2d 429). The defendant's contention that the entire note was erroneously admitted into evidence is unpreserved for appellate review *(see,* CPL 470.05 [2]) and, in any event, without merit.

The defendant's sentence is not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Mangano, P. J., Balletta, Copertino and Hart, JJ., concur.