■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN WEST, Appellant. [655 NYS2d 570] —Appeal by the defendant (1) from a judgment of the Supreme Court, Queens County (Orgera, J.), rendered September 23, 1993, convicting him of criminal possession of marihuana in the first degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated January 12, 1995, which denied his motion pursuant to CPL 440.10 to vacate the judgment.

Ordered that the judgment and order are affirmed.

The defendant was apprehended at John F. Kennedy International Airport after disembarking from a flight from Jamaica. A K-9 enforcement dog had "alerted" upon sniffing two pieces of hard-sided Samsonite luggage which bore identification labels with the defendant's name, his Jamaica address, and security numbers matching those on the defendant's Air Jamaica airline ticket. The defendant, who claimed to have been traveling on his "health food"-related business with only carry-on bags, was found to be in possession of Samsonite keys which fit the locks on the suspicious suitcases. The defendant's carry-on bags were not Samsonite, and contained no locks. The two hard-sided bags were found to contain over 111 pounds of marihuana.

The defendant's challenge to the legal sufficiency of the evidence is not preserved for appellate review (*see*, CPL 470.05 [2]; *People v Udzinski*, 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the prosecution (*see*, *People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see*, CPL 470.15 [5]).

Aside from voicing general objections to certain of the questions put to him on cross-examination, the defendant failed to preserve for appellate review his current claim that he was prejudiced by the prosecutor's exploration of his precarious personal and business finances (*see*, CPL 470.05 [2]; *People v Tucker*, 208 AD2d 575; *People v Udzinski, supra*). In any event, the defendant opened the door to this line of inquiry, as he had presented himself on direct examination as, *inter alia*, a responsible individual and a successful entrepreneur, whose self-owned business was expanding into foreign markets, so that he would have had no reason to smuggle drugs into the country (*see*, *People v Chaitin*, 61 NY2d 683; *People v Schwartzman*, 24 NY2d 241, *cert denied* 396 US 846; *see also*, Prince, Richardson on Evidence § 6-303, at 379-380 [Farrell 11th ed]). The prosecutor's questioning was therefore also relevant to prove the defendant's motive to commit the crime with which he was charged (*see, e.g., People v Moore*, 42 NY2d 421, *cert denied* 434 US 987). Thereafter, the trial court properly exercised its discretion in allowing the prosecution's expert rebuttal witness to testify to the value of such a large quantity of marihuana (*see, e.g., People v Cronin*, 60 NY2d 430; *see also, People v Satiro*, 72 NY2d 821; *People v Barnes*, 199 AD2d 274, 275).

Most of the defendant's current claims of prosecutorial misconduct in summation are unpreserved for appellate review by appropriate and timely objection (see, CPL 470.05 [2]). In any event, the majority of the prosecutor's remarks on summation constituted a fitting response to the defense summation (see, People v Marks, 6 NY2d 67, 78, cert denied 362 US 912), as well as fair comment on the evidence presented, within the broad bounds of rhetorical comment permissible in closing argument (People v Galloway, 54 NY2d 396). To the extent that the prosecutor may have exceeded the bounds of proper comment in suggesting that, in light of a previous, unrelated conviction, the defendant had "apparently made a lifestyle choice of conning people", the error was corrected by the court's prompt curative instruction and by its admonition during the charge regarding the jury's proper consideration of the defendant's criminal history. We further conclude that this isolated error was harmless in view of the overwhelming evidence of the defendant's guilt (see, People v Crimmins, 36 NY2d 230, 241-242; cf., People v Pinkas, 156 AD2d 485; People v Stewart, 153 AD2d 706).

Finally, the trial court properly denied without a hearing the defendant's motion pursuant to CPL 440.10. The defendant's "newly discovered evidence" consisted entirely of his own hearsay allegation that an acquaintance of his had recently confessed to him on the telephone that he and his cousin had put the marihuana-laden suitcases on the plane in the defendant's name (see, e.g., People v Ford, 46 NY2d 1021).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Friedmann, J. P., Florio, McGinity and Luciano, JJ., concur.