■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MORTEZA FARAKESH, Appellant. [664 NYS2d 364] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered June 12, 1995, convicting him of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Upon review of the entire record, we find that the defendant's right to a speedy trial was not violated (*see,* CPL 30.30; *People v Kendzia,* 64 NY2d 331, 337).

The defendant contends that double jeopardy precluded his second trial and required dismissal of the indictment, because the evidence against him at his first trial, which had ended in a mistrial, was legally insufficient to support a conviction (*see, e.g., People v Dann,* 100 AD2d 909; *People v Tingue,* 91 AD2d 166; *Rafferty v Owens,* 82 AD2d 582). More specifically, the defendant asserts, *inter alia,* that the People's expert witness at the first trial improperly based his opinion regarding the presence of morphine in the substance found in the defendant's possession upon a comparison to a standard sample, without having established the accuracy of the standard sample as a reliable norm (*see, e.g., People v Branton,* 67 AD2d 664). However, the defendant failed to move for dismissal of the indictment on this ground at his first trial, or in any other fashion direct the trial court's attention to this contention, with the result that no infirmity was identified at his first trial which would act as a double jeopardy bar to his second trial. Accordingly, this issue is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v West,* 237 AD2d 470; *People v Udzinski,* 146 AD2d 245, 250), and we decline to reach it in the exercise of our interest of justice jurisdiction (*see,* CPL 470.15 [6] [a]).

The defendant's remaining contentions are either unpre-

served for appellate review or without merit. Altman, J. P., Friedmann, Krausman and McGinity, JJ., concur.