■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLIE GRAHAM, Appellant. [670 NYS2d 351] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Thomas, J.), rendered February 8, 1996, convicting him of sodomy in the first degree, sexual abuse in the first degree (three counts), and endangering the welfare of a child, upon a jury verdict, and imposing indeterminate sentences of eight-and-one-third to twenty-five years imprisonment for his conviction of sodomy in the first degree, two-and-one-third to seven years imprisonment for each conviction of sexual abuse in the first degree, and a determinate sentence of one year imprisonment for his conviction of endangering the welfare of a child, all sentences to run concurrently.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed upon the defendant's conviction of sodomy in the first degree from eight-and-one-third to twenty-five years imprisonment to an indeterminate term of four to twelve years imprisonment; as so modified, the judgment is affirmed.

The complainant's statement to her mother was admissible only in part under the "prompt outcry" exception to the hearsay rule (*People v McDaniel*, 81 NY2d 10, 16-17). It was incumbent on the defendant to specifically object to those portions of the testimony which were inadmissible at the time the testimony was given in order to preserve this error for appellate review (*see*, CPL 470.05 [2]; *People v Pace*, 145 AD2d 834, 836). In any event, there was no significant probability that this error contributed to the jury's decision to convict the defendant. Therefore, reversal on this ground is unwarranted (*see, People v Rice*, 75 NY2d 929, 930; *People v Teixeira*, 189 AD2d 838).

The defendant also failed to preserve most of the challenged comments made by the prosecutor during summation since he did not seek further ameliorative action or immediate curative instructions to his sustained objections (*see*, CPL 470.05 [2]; *People v Persaud*, 237 AD2d 538). In any event, on summation counsel had the right to comment upon every pertinent matter of fact bearing upon questions the jury had to decide, provided that counsel stayed within the four corners of the evidence (*see, People v Tankleff*, 84 NY2d 992, 994; *People v Ashwal*, 39 NY2d 105, 109).

Under the particular circumstances of this case, the sentence imposed for the defendant's conviction of sodomy in the first

degree is excessive to the extent indicated herein. Copertino, J. P., Santucci, Krausman and Florio, JJ., concur.