■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELLIOTT I. JAMES, Appellant. [672 NYS2d 174] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a bench trial of criminal possession of a weapon in the third degree (Penal Law § 265.02). Defendant contends that his conviction of criminal possession of a weapon in the third degree is repugnant to his acquittal of criminal possession of a weapon in the second degree (Penal Law § 265.03) and menacing in the second degree (Penal Law § 120.14 [1]). Defendant further contends that the verdict is against the weight of the evidence and that he was deprived of a fair trial as a result of the People's alleged failure to preserve fingerprint evidence.

The verdict is not repugnant. The crimes of which defendant was acquitted contain intent elements not material to criminal possession of a weapon in the third degree. Thus, defendant's acquittal of those counts did not negate any essential element of criminal possession of a weapon in the third degree (*cf., People v Pirozzi,* 237 AD2d 628, 631, *lv denied* 90 NY2d 909; *People v Smith,* 235 AD2d 558, 559, *lv denied* 89 NY2d 1041; *People v Hudson,* 163 AD2d 418; *see generally, People v Tucker,* 55 NY2d 1, 6-9, *rearg denied* 55 NY2d 1039).

This is not a case in which the trier of fact failed to give the evidence the weight it should have been accorded (*see, People v Bleakley,* 69 NY2d 490, 495). Prosecution witnesses variously testified that they saw a gun in defendant's hand or saw defendant place something in his hat, which he then hid behind a wall. When they arrived at the scene, police were directed to the wall, where they found the hat and gun. The defense witnesses, in contrast, merely testified that they did not see defendant with a gun.

Defendant was not foreclosed from establishing a defense because of the alleged failure of police to preserve fingerprint evidence. The record establishes that the gun was dusted for

fingerprints but that none were found because the surface of the gun was unsuitable for detecting fingerprints. (Appeal from Judgment of Cattaraugus County Court, Himelein, J.—Criminal Possession Weapon, 3rd Degree.) Present—Denman, P. J., Lawton, Pigott, Jr., Balio and Boehm, JJ.