■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL KING, Appellant. [714 NYS2d 262] —Judgment, Supreme Court, New York County (John Bradley, J., at mistrial declaration; William Leibovitz, J., at jury trial and sentence), rendered October 28, 1998, convicting defendant of two counts of criminal sale of a controlled substance in the third degree and one count of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to three concurrent terms of 6 to 12 years, unanimously affirmed.

Defendant's claim that the first trial court improperly declared a mistrial during jury selection is a claim requiring preservation and we decline to review this unpreserved claim in the interest of justice. Were we to review this claim, we would find that the court properly declared a mistrial due to the illness of defense counsel. Given the uncertainty as to the length of the delay, the court properly concluded that the ends of public justice called for a mistrial rather than an indefinite continuance with three jurors sworn (*see, Matter of Brackley v Donnelly*, 53 AD2d 849, 850).

The court properly exercised its discretion in declining to receive in evidence a buy report. The officer's omission of irrelevant or insignificant facts concerning where she met another drug buyer did not render the buy report admissible as a prior inconsistent statement (*see, People v Duncan*, 46 NY2d 74, 80-81, *cert denied* 442 US 910; *see also, People v Bornholdt*, 33 NY2d 75, 88, *cert denied sub nom. Victory v New York*, 416 US 905; *compare, People v Medina*, 249 AD2d 166, *lv denied* 92 NY2d 901). In any event, were we to find the exclusion of the buy report to be error, we would find the error to be harmless because defendant was still able to bring the alleged inconsistency to the jury's attention and because of the overwhelming evidence of guilt, which featured the recovery of buy money from defendant's person.

The trial court properly admitted defendant's arrest photograph, since it illustrated the accuracy of the description given by the undercover officer (*see, People v Washington*, 259 AD2d 365, *lv denied* 93 NY2d 1006), and carried no suggestion that defendant had been arrested other than in connection with the instant case.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Rosenberger, J. P., Williams, Lerner, Saxe and Buckley, JJ.