■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCO FERNANDEZ, Appellant. [715 NYS2d 886] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ruchelsman, J.), rendered October 19, 1998, convicting him of criminal sale of a controlled substance near school grounds, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's claim, the *Sandoval* ruling was proper in light of the defendant's extensive criminal history (*see, People v Sandoval,* 34 NY2d 371; *People v Walker,* 83 NY2d 455; *People v Mattiace,* 77 NY2d 269; *People v McClam,* 225 AD2d 799).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). Altman, J. P., Friedmann, Krausman and Smith, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN GEORGE, Appellant. [715 NYS2d 668] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Schulman, J.), rendered May 7, 1996, convicting him of rape in the first degree, rape in the second degree, sexual abuse in the first degree, sexual abuse in the second degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court properly admitted expert testimony regarding "rape trauma syndrome" to aid the jury in understanding the unusual behavior of the victim after the rape had occurred (*see, People v Taylor,* 75 NY2d 277).

The defendant's contentions regarding certain remarks made by the prosecutor during summation are unpreserved for appellate review (*see, People v Tonge,* 93 NY2d 838, 839-840; *People v Heide,* 84 NY2d 943, 944; *People v West,* 237 AD2d 470, 472). In any event, no reversible error occurred (*see, People v Rivers,* 266 AD2d 481). Sullivan, J. P., S. Miller, Altman and Friedmann, JJ., concur.