■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMEEK BROWN, Appellant. [753 NYS2d 901] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Knipel, J.), rendered May 8, 2001, convicting him of sexual abuse in the first degree (two counts), criminal trespass in the second degree, and harassment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence presented by the prosecution is legally insufficient to establish the "forcible compulsion" element of sexual abuse in the first degree. The defendant's challenge is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 20-22). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to demonstrate "forcible compulsion" beyond a reasonable doubt (*see People v Thompson,* 72 NY2d 410, 415-416; *People v Thompson,* 158 AD2d 563; *People v Gonzalez,* 136 AD2d 735).

The defendant also contends that the testimony of a police officer regarding statements made by the victim about the crime was improperly admitted under the "prompt outcry" exception to the rule against hearsay. That contention is unpreserved for appellate review. The defendant failed to object to the testimony after it was given, and made only a general hearsay objection prior to the testimony (*see* CPL 470.05 [2]; *People v Castro,* 255 AD2d 331, 332; *People v Graham,* 249 AD2d 325). In any event, the brief testimony did not exceed the scope of the prompt outcry exception, which permits the prosecution to elicit testimony that a victim promptly complained of a sexual assault (*see People v McDaniel,* 81 NY2d 10, 16; *People v Rice,* 75 NY2d 929, 931). Florio, J.P., Friedmann, Cozier and Mastro, JJ., concur.