■ The People of the State of New York, Respondent, v Darryl Byron, Appellant. [767 NYS2d 806]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGann, J.), rendered March 12, 2001, convicting him of rape in the first degree and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court properly admitted expert testimony regarding rape trauma syndrome to aid the jury in understanding the unusual behavior of the first complainant after the rape occurred (*see People v Taylor,* 75 NY2d 277 [1990]; *People v George,* 277 AD2d 327 [2000]). The defendant's argument that the

expert's testimony impermissibly bolstered the testimony of the second complainant is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, is without merit (*cf. People v Graham,* 251 AD2d 426 [1998]).

The defendant's contentions regarding certain remarks made by the prosecutor during summation are largely unpreserved for appellate review, as he failed to make timely objections (*see* CPL 470.05 [2]) and did not seek further ameliorative action after certain objections were sustained (*see People v Shelton,* 307 AD2d 370 [2003]; *People v Rodriguez,* 182 AD2d 844 [1992]; *People v Lewis,* 175 AD2d 885 [1991]). In any event, no reversible error occurred (*see People v Gutierrez,* 304 AD2d 458 [2003]; *People v Berta,* 213 AD2d 659 [1995]; *People v Morris,* 244 AD2d 361 [1997]). S. Miller, J.P., Krausman, Townes and Cozier, JJ., concur.