THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GRADY LEWIS, Appellant. [773 NYS2d 694]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered December 13, 2001. The judgment convicted defendant, after a nonjury trial, of sexual abuse in the first degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a nonjury trial of sexual abuse in the first degree (Penal Law § 130.65 [3]) and endangering the welfare of a child (§ 260.10 [1]). Contrary to defendant's contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley,* 69 NY2d 490, 495 [1987]). "The credibility determinations of [Supreme] Court are entitled to great deference . . ., and there is no basis to conclude that the court failed to give the evidence the weight that it should be accorded" (*People v Scott,* 289 AD2d 974, 975 [2001], *lv denied* 97 NY2d 733, 735 [2002]). We reject the further contention of defendant that, in acquitting him of sodomy in the first degree (Penal Law former § 130.50 [3]), the court necessarily found that the eight-year-old victim was not worthy of belief and thus that the verdict is repugnant. "A verdict on a multiple count indictment is repugnant when a defendant is acquitted on one count which is conclusive as to a necessary element of another crime of which he is convicted, thus negating a necessary element of the latter count" (*People v Ladson,* 209 AD2d 640, 640 [1994], *lv denied* 85 NY2d 911 [1995]; *see People v James,* 249 AD2d 919 [1998], *lv denied* 92 NY2d 899 [1998]). Here, defendant's acquittal of sodomy "did not negate any essential element" of either sexual abuse in the first degree or endangering the welfare of a child (*James,* 249 AD2d at 919). Also contrary to defendant's contention, the sentence is neither unduly harsh nor severe. Present—Pigott, Jr., P.J., Green, Wisner, Hurlbutt and Gorski, JJ.