■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO SANTIAGO, Appellant. [792 NYS2d 151]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Dickerson, J.), rendered May 20, 2003, convicting him of attempted sexual abuse in the first degree (two counts), and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

As to the nine-year-old victim, the defendant contends that the People failed to establish his guilt of attempted sexual abuse in the first degree beyond a reasonable doubt because there was legally insufficient evidence that he attempted to subject her to sexual contact. However, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the defendant attempted to subject that victim to sexual contact, and thus to prove his guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

As to both child victims, the defendant's claim that the admission of testimony concerning their disclosure of his offenses to family members constituted improper bolstering is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Leveille,* 12 AD3d 533 [2004]; *People v Brown,* 302 AD2d 403 [2003]; *People v Wilson,* 295 AD2d 545 [2002]). In any event, the testimony

that the victims promptly reported the offenses was properly admitted under the outcry exception to the hearsay rule, and did not exceed the permissible scope of the exception (*see People v McDaniel,* 81 NY2d 10 [1993]; *People v Storts,* 12 AD3d 538 [2004]; *People v Williams,* 303 AD2d 608 [2003]; *People v Brown, supra; People v Salazar,* 234 AD2d 322 [1996]; *People v Newsome,* 222 AD2d 530 [1995]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Florio, J.P., Santucci, Krausman and Rivera, JJ., concur.