■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS X. NELSON, Appellant. [837 NYS2d 697]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered March 25, 2003, convicting him of sexual abuse in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the Supreme Court erred in admitting certain testimony concerning the complaining witness's disclosure of the sexual assault. However, the defendant's contention is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Brown,* 302 AD2d 403 [2003]; *People v Graham,* 249 AD2d 325 [1998]). In any event, the testimony that the complaining witness promptly reported the offense was properly admitted under the prompt outcry exception to the hearsay rule, and did not exceed the permissible scope of the exception (*see People v McDaniel,* 81 NY2d 10, 16-18 [1993]; *People v Aguirre,* 262 AD2d 175 [1999]; *People v Salazar,* 234 AD2d 322, 323 [1996]; *People v Vanterpool,* 214 AD2d 429, 430 [1995]; *People v Gonzalez,* 131 AD2d 873, 874 [1987]).

Furthermore, the trial court properly admitted expert testimony regarding rape trauma syndrome to aid the jury in understanding the unusual behavior of the victim (*see People v Carroll,* 95 NY2d 375, 387 [2000]; *People v George,* 277 AD2d 327 [2000]).

The defendant's claims of prosecutorial misconduct during summation are unpreserved for appellate review (*see* CPL 470.05 [2]), except for his argument relating to the statement by the prosecutor that the defendant was "arrogant." In any event, the prosecutor's comments either were fair comment on the evidence, permissive rhetorical comment, or not so prejudicial as to constitute reversible error (*see People v Williams,* 2 AD3d 546 [2003]).

The defendant's contention raised in point one of his brief, regarding the denial of his motion to compel the complainant to submit to a psychological examination, is without merit. The contention raised in point two of his brief, that the prosecutor made "false and inaccurate proffers of proof" is without merit. The contentions raised in point two of his brief, regarding the prosecutor's questions as to whether the defendant was aware that the victim was not the child of doctors or nurses, and if his tuition had been discontinued, do not require reversal. The defendant's remaining contentions are unpreserved for appel-

late review and, in any event, either are without merit or do not require reversal. Rivera, J.P., Florio, Dillon and Carni, JJ., concur.