■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH GENTILE, Appellant. [900 NYS2d 443]—

Appeal by the defendant from a judgment of the Supreme

Court, Queens County (Buchter, J.), rendered January 3, 2007, convicting him of rape in the first degree, assault in the second degree, criminal possession of a weapon in the fourth degree, and unlawful possession of a loaded rifle or shotgun, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the Supreme Court erred in admitting certain testimony under the "prompt outcry" exception to the hearsay rule is unpreserved for appellate review (see CPL 470.05 [2]; People v Brown, 302 AD2d 403 [2003]; People v Castro, 255 AD2d 331, 332 [1998]; People v Graham, 249 AD2d 325 [1998]). In any event, under the particular circumstances of this case, the Supreme Court properly admitted the testimony (see People v McDaniel, 81 NY2d 10, 16-18 [1993]; People v Felix, 32 AD3d 1177, 1178 [2006]). Moreover, the testimony did not exceed the permissible scope of the exception (see People v Salazar, 234 AD2d 322, 323 [1996]).

The defendant also failed to preserve for appellate review his contention that he was deprived of due process and his right to a fair trial by the Supreme Court's determination to exclude from evidence the UF-61 police report alleged to contain a prior inconsistent statement of a witness (see CPL 470.05 [2]; People v Gray, 86 NY2d 10, 19 [1995]; People v Tevaha, 84 NY2d 879 [1994]; People v Olibencia, 45 AD3d 607, 608 [2007]). In any event, the defendant was not prejudiced by any error in declining to admit the report since he had the opportunity to call the jury's attention to the inconsistency (see People v King, 276 AD2d 319, 320 [2000]; People v Rosario, 267 AD2d 73 [1999]; People v Henson, 113 AD2d 954, 955 [1985]).

The defendant's contention that he was deprived of a fair trial due to prosecutorial misconduct during summation is unpreserved for appellate review (see CPL 470.05 [2]; People v Tonge, 93 NY2d 838, 839 [1999]; People v Robbins, 48 AD3d 711 [2008]; People v Gonzalez, 44 AD3d 790, 791 [2007]). In any event, the challenged remarks were either fair comment on the evidence, permissible responses to the defense counsel's summation, or not so prejudicial as to constitute reversible error (see People v Siriani, 27 AD3d 670 [2006]; People v Jiggetts, 23 AD3d 582 [2005]; People v Garcia, 273 AD2d 402 [2000]; People v Breen, 257 AD2d 661 [1999]; People v Ingram, 205 AD2d 801 [1994]; People v Roopchand, 107 AD2d 35 [1985], affd 65 NY2d 837 [1985]). The defendant's claims of prosecutorial misconduct during cross-examination are not preserved for appellate review (see CPL 470.05 [2]; People v Summers, 20 AD3d 546, 547 [2005]; People v Vitiello, 285 AD2d 480, 481 [2001]) and, in any

event, are without merit (*see People v Tice*, 131 NY 651 [1892]; *People v Hill*, 47 AD3d 838, 839 [2008]; *People v Bell*, 221 AD2d 348 [1995]).

The defendant contends that the verdict convicting him of criminal possession of a weapon in the fourth degree and unlawful possession of a loaded rifle or shotgun was not supported by legally sufficient evidence. This contention is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt on these counts beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt on these counts was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

We reject the defendant's contention that he was deprived of the effective assistance of counsel. The record shows that the defendant's counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit (*see* CPL 470.05 [2]). Skelos, J.P., Balkin, Roman and Sgroi, JJ., concur.