■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEYLON F. BEAM, Appellant. [912 NYS2d 263]—

Appeal by the defendant from a judgment of the County Court, Orange County (De Rosa, J.), rendered January 26, 2005, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review an order of the same court dated May 24, 2004, which denied, without a hearing, that branch of the defendant's omnibus motion which was to suppress DNA evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the record establishes that he validly waived his right to be present at sidebar conferences (*see People v Velasquez*, 1 NY3d 44, 49-50 [2003]; *see generally People v Antommarchi*, 80 NY2d 247, 250 [1992]).

The defendant failed to preserve for appellate review his contentions as to the legal sufficiency of the evidence of his guilt of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and reckless endangerment in the first degree (*see* CPL 470.05 [2]; *People v Kolupa*, 13 NY3d 786, 787 [2009]; *People v Hines*, 97 NY2d 56, 61-62 [2001]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Danielson*, 9 NY3d 342, 349 [2007]; *People v Silva*, 306 AD2d 424, 425 [2003]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The issues raised in the defendant's motion pursuant to CPL 330.30 that the prosecutor made improper references to the statements of two nonappearing witnesses, and that defense counsel was improperly restricted in summation from commenting on the prosecution's failure to produce a certain witness— are not preserved for appellate review due to the defendant's acquiescence to the curative instructions given by the County Court and his failure to request further instructions or to move for a mistrial (*see People v Medina*, 53 NY2d 951, 953 [1981]; *People v Mitchell*, 190 AD2d 758 [1993]; *People v Hawthorne*, 175 AD2d 880, 881 [1991], *mod* 80 NY2d 873 [1992]).

On the record presented, and in light of the defendant's voluntary consent to the taking of DNA samples, the defendant effectively waived his contention that the DNA test results were obtained in violation of his rights (*see People v Fleming*, 76 AD3d 582 [2010]; *People v Dail*, 69 AD3d 873 [2010]; *People v Ward*, 57 AD3d 582, 583 [2008]).

The defendant failed to preserve for appellate review his contentions that the prosecutor improperly elicited hearsay concerning a license plate number and made certain improper comments regarding the DNA evidence during opening and summation. In any event, those contentions are without merit.

The sentence imposed upon the defendant's conviction of criminal possession of a weapon in the second degree was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Dillon, J.P., Florio, Angiolillo and Dickerson, JJ., concur.