The People of the State of New York, Respondent, v Christopher Cephas, Appellant. [935 NYS2d 655]—

The Supreme Court submitted the charge of murder in the second degree (*see* Penal Law § 125.25 [1]) to the jury and, in the alternative, the lesser-included offense of manslaughter in the first degree (*see* Penal Law § 125.20 [1]). The Supreme Court denied the defendant's request to charge manslaughter in the

second degree (*see* Penal Law § 125.15 [1]). The jury found the defendant guilty of, inter alia, murder in the second degree. Where, as here, "a court charges the next lesser included offense of the crime alleged in the indictment, but refuses to charge lesser degrees than that . . . the defendant's conviction of the crime alleged in the indictment forecloses a challenge to the court's refusal to charge the remote lesser included offenses" (*People v Boettcher*, 69 NY2d 174, 180 [1987]; *see People v Green*, 5 NY3d 538, 545 [2005]; *People v Irizarry*, 88 AD3d 1013 [2011]). "Thus, review of the defendant's challenge to the [Supreme] Court's refusal to charge manslaughter in the second degree as a lesser-included offense of murder in the second degree is foreclosed by the jury verdict finding him guilty of murder in the second degree, the crime alleged in the indictment, and its implicit rejection of the lesser-included offense of manslaughter in the first degree" (*People v Gorham*, 72 AD3d 1108, 1109 [2010]; *see People v Johnson*, 87 NY2d 357, 361 [1996]; *People v Irizarry*, 88 AD3d at 1013; *People v Alston*, 77 AD3d 762 [2010]).

The defendant contends that certain remarks by the prosecutor during summation deprived him of a fair trial because the prosecutor improperly conflated the law regarding the defense of extreme emotional disturbance (*see* Penal Law § 125.25 [1] [a]) and the law of justification, a defense which the defendant did not raise. To the extent that the prosecutor misstated the law, her comments could not have been interpreted by the jury as an instruction on the law because the court reminded the jury that it would define the law and subsequently gave a correct instruction on the law of extreme emotional disturbance (*see People v Giuca*, 58 AD3d 750, 751 [2009]). Thus, the defendant was not prejudiced by the prosecutor's comments.

The defendant's remaining contentions regarding certain remarks by the prosecutor in her opening statement and summation are unpreserved for appellate review, and we decline to review them in the exercise of our interest of justice jurisdiction.

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel, since the record as a whole demonstrates that he received meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Angiolillo, J.P., Lott, Austin and Cohen, JJ., concur.