■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KERIN MITCHELL, Appellant. [26 NYS3d 484]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Garnett, J.), rendered May 10, 2013, convicting him of rape in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

" '[E]xpert opinion is proper when it would help to clarify an issue calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror' " (*People v Taylor*, 75 NY2d 277, 288 [1990], quoting *De Long v County of Erie*, 60 NY2d 296, 307 [1983]). Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in permitting the prosecution to call an expert witness to testify about rape trauma syndrome. The expert's testimony was properly admitted "to explain behavior of a victim that might appear unusual or that jurors may not be expected to

understand" (*People v Carroll*, 95 NY2d 375, 387 [2000]; *see People v Davis*, 118 AD3d 906 [2014]; *People v Nelson*, 40 AD3d 1126 [2007]; *People v Byron*, 2 AD3d 453 [2003]). Moreover, the expert "spoke about victims in general and never opined that the defendant committed the crimes, that the victim was sexually abused, or that the victim's specific actions and behavior were consistent with abuse" (*People v Rich*, 78 AD3d 1200, 1202 [2010]; *see People v Piedra*, 87 AD3d 706 [2011]).

The defendant's contention that certain of the prosecutor's summation remarks deprived him of a fair trial is unpreserved for appellate review because defense counsel failed to object to those remarks at trial (*see People v Singh*, 109 AD3d 1010 [2013]; *People v Perez*, 77 AD3d 974 [2010]; *People v Gill*, 54 AD3d 965 [2008]). In any event, the challenged remarks did not exceed the bounds of rhetorical comment permitted during summation, and constituted either a fair response to defense counsel's summation, or fair comment on the evidence presented or the inferences to be drawn therefrom (*see People v Webster*, 126 AD3d 821 [2015]; *People v Scurry*, 123 AD3d 949 [2014]; *People v Marcus*, 112 AD3d 652 [2013]; *People v Cephas*, 91 AD3d 668 [2012]; *People v Beam*, 78 AD3d 1067 [2010]; *People v Whitehurst*, 70 AD3d 1057 [2010]).

Furthermore, defense counsel's failure to object to the prosecutor's remarks during summation did not deprive the defendant of the effective assistance of counsel (*see People v Carter*, 130 AD3d 1060 [2015]; *People v Lenoir*, 57 AD3d 802 [2008]). Dillon, J.P., Cohen, Maltese and Barros, JJ., concur.