People v Heil (2020 NY Slip Op 06546)





People v Heil


2020 NY Slip Op 06546


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2017-13149
 (Ind. No. 16-00561)

[*1]The People of the State of New York, respondent,
v
Michael P. Heil, appellant.


Philip H. Schnabel, Chester, NY, for appellant, and appellant pro se.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered November 17, 2017, convicting him of murder in the second degree (two counts), manslaughter in the first degree, and manslaughter in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of murder in the second degree (two counts), manslaughter in the first degree, and manslaughter in the second degree in connection with the death of his seven-week-old son (hereinafter the child). On the date of the incident, the child was in the exclusive care of the defendant from approximately 5:00 p.m. until midnight while the child's mother was at work. The defendant called 911 and reported that the child was having difficulty breathing shortly before midnight. The child was transported to a hospital, where he was found to be in respiratory and cardiac distress and suffering from traumatic brain injury. The child passed away at the hospital approximately two weeks later.
We find unpersuasive the defendant's contention, raised in his pro se supplemental brief, that the trial evidence failed to prove his guilt beyond a reasonable doubt. Initially, the defendant failed to preserve for appellate review his challenge to the legal sufficiency of the evidence (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 491-492). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Indeed, the evidence presented by the People at trial, including the testimony of several treating physicians and medical experts, demonstrated that the child suffered a massive brain injury that resulted in a hematoma and a "midline shift" of the brain tissue. The child also was found to have bruising on his lower body that was consistent with a "grabbing" injury, as well as bilateral retinal hemorrhaging and an avulsion of the optic nerve. Surgery was performed to relieve the pressure from the hematoma by removing necrotic brain tissue and part of the skull, but the child remained unresponsive and on life support until his passing.
The People's medical witnesses testified, inter alia, that the brain injury had been [*2]caused by trauma, either by violent shaking of the child or by a substantial impact to the head, or both. They further testified that the injury had occurred almost immediately prior to the child's arrival at the hospital. The evidence also established, inter alia, that the child was in good condition when the mother left him in the defendant's exclusive care at 5:00 p.m. on the date of the incident, and that the child's pediatrician had examined the child two days earlier and found him to be generally healthy, apart from an improving bronchial condition and colic. Additionally, the defendant repeatedly had expressed anger and frustration at the child's frequent crying, including on the night of the incident, and he did not accompany the child to the hospital or disclose to the responding EMTs or to medical personnel at the hospital the circumstances of the child's injuries.
Contrary to the defendant's contention, the foregoing evidence was legally sufficient to prove beyond a reasonable doubt that he caused the fatal injuries to the child (see People v Spears, 154 AD3d 783, 786; People v Snyder, 91 AD3d 1206, 1211-1212), and that he acted with the requisite mens rea for depraved indifference murder in doing so (see Penal Law § 125.25[4]; People v Suarez, 6 NY3d 202, 214; People v Hall, 182 AD3d 1023, 1025-1026; People v Bowman, 48 AD3d 178, 181). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to each of the charges of which the defendant was convicted was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-644).
The defendant failed to preserve for appellate review his contention that the trial court erred in denying the jury's request for written definitions of some of the charged crimes, as he did not object to the trial court's denial of that request (see People v Bonds, 157 AD3d 713, 714; People v Fabers, 133 AD3d 616, 617). In any event, the defendant's contention lacks merit, since the defense, upon being properly advised of the request, did not consent to providing the jury with written copies of the statutory elements of the crimes charged, and the trial court therefore was not authorized to grant the jury's request (see CPL 310.30).
The defendant failed to preserve for appellate review his current challenges to the prosecutor's summation remarks (see CPL 470.05[2]; People v Mitchell, 137 AD3d 944, 945; People v Banks, 74 AD3d 1214, 1215). In any event, the challenged remarks were either a fair response to the defense summation, fair comment on the evidence, or otherwise did not deprive the defendant of a fair trial (see People v Hubsher, 176 AD3d 972, 974; People v Kaval, 154 AD3d 875, 876).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., MILLER, MALTESE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court