People v Colon (2020 NY Slip Op 07218)





People v Colon


2020 NY Slip Op 07218


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-04754
 (Ind. No. 16-01459)

[*1]The People of the State of New York, respondent,
v
Jerry Colon, appellant.


Gerald Zuckerman, Croton on Hudson, NY, for appellant, and appellant pro se.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Jill Oziemblewski and
William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (George E. Fufido, Jr., J.), rendered March 27, 2018, convicting him of robbery in the first degree, criminal possession of a weapon in the third degree, criminal possession of stolen property in the fifth degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The indictment charged the defendant with robbery in the first degree (Penal Law § 160.15[3]), menacing in the first degree (Penal Law § 120.13), criminal possession of a weapon in the third degree (Penal Law § 265.02[1]), criminal possession of stolen property in the fifth degree (Penal Law § 165.40), attempted assault in the second degree (Penal Law §§ 110.00, 120.05[2]), and criminal mischief in the fourth degree (Penal Law § 145.00). Following a jury trial, the defendant was convicted on the charges of robbery, criminal possession of a weapon, criminal possession of stolen property, and criminal mischief, and was acquitted on the remaining charges. The County Court imposed sentence and the defendant appeals.
The defendant's contention that a reference by one of the People's witnesses to an alleged uncharged crime deprived him of a fair trial is without merit. Any prejudice to the defendant was ameliorated when the County Court sustained his objection to the improper testimony and instructed the jury during the jury charge that "[t]estimony which was stricken from the record or which an objection was sustained must be disregarded by you" (see People v Johnson, 139 AD3d 967, 975; People v Braithwaite, 126 AD3d 993, 995). The defendant's contention that a witness's unsolicited comment characterizing the defendant as a threat to the community deprived him of a fair trial is unpreserved for appellate review because defense counsel failed to object to those remarks at trial or request a curative instruction (see People v Mitchell, 137 AD3d 944, 945; People v McNeil, 77 AD3d 685, 685). Moreover, any error in failing to strike these comments or issue a curative instruction was harmless, as the evidence of the defendant's guilt, without reference to the improper comments by the witness, was overwhelming, and there was no significant probability that, but for the error, the jury would have acquitted the defendant (see People v Crimmins, 36 NY2d 230, 241-242; People v Gutierrez, 172 AD3d 1094, 1095; People v Owens, 129 AD3d 995, 995-996). Any cumulative effect of these errors does not require reversal.
The defendant further argues that the jury's finding of guilt on the count charging him with robbery in the first degree is irreconcilable with its acquittal of the defendant on the count charging him with menacing in the first degree. We disagree. "When there is a claim that repugnant jury verdicts have been rendered in response to a multiple-count indictment, a verdict as to a particular count shall be set aside only when it is inherently inconsistent when viewed in light of the elements of each crime as charged to the jury" (People v Tucker, 55 NY2d 1, 4; see People v Muhammad, 17 NY3d 532, 538-539). Here, as charged to the jury, the acquittal on the charge of menacing in the first degree did not negate any essential element of robbery in the first degree (see Penal Law § 160.15[3]; cf. Penal Law §§ 120.14[1]; 160.15[4]).
The defendant's contention, raised in his pro se supplemental brief, that the jury's finding of guilt on the count charging him with criminal possession of a weapon in the third degree is irreconcilable with its acquittal of the defendant on the count charging him with menacing in the first degree is unpreserved for appellate review, as the defendant failed to challenge the verdicts before the jury was discharged (see CPL 470.05[2]; People v Alfaro, 66 NY2d 985, 987; People v Danon, 167 AD3d 930, 931). In any event, this contention is without merit, since, as charged to the jury, the acquittal of menacing in the second degree did not negate any essential element of criminal possession of a weapon in the third degree (see People v James, 249 AD2d 919, 919).
The defendant's further contention, raised in his pro se supplemental brief, that the jury's finding of guilt on the count charging him with robbery in the first degree is irreconcilable with its acquittal of the defendant on the count charging him with assault in the second degree is without merit, since, as charged to the jury, the acquittal of menacing in the second degree did not negate any essential element of criminal possession of a weapon in the third degree (see Penal Law § 160.15[3]; cf. Penal Law § 120.05[2]).
The defendant, in his pro se supplemental brief, further asserts that the jury verdict convicting him of robbery in the first degree was against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit.
DILLON, J.P., BARROS, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court